PEOPLE v LANDIS

Docket Nos. 146283, 149294. Submitted September 24, 1992, at Lansing. Decided December 7, 1992, at 9:20 A.M. Leave to appeal sought.

Eric S. Landis pleaded guilty in the Hillsdale Circuit Court, Harvey W. Moes, J., of three counts of forgery and was sentenced to four to fourteen years' imprisonment. The defendant subsequently pleaded guilty before the same judge of two counts of the same offense and was sentenced to five to fourteen years' imprisonment, to be served consecutively. The defendant appealed from each proceeding. The appeals were consolidated.

The Court of Appeals *held:*

1. The consecutive nature of the defendant's sentences does not violate the principle of proportionality. Each sentence is within the range of the sentencing guidelines and, viewed individually, is neither excessively severe nor unfairly disparate.

2. The trial court failed to resolve a claimed inaccuracy in the presentence report prepared for the initial sentencing proceeding. Remand is required so that the trial court can clarify whether the challenged item played a role in the sentencing decision. If the trial court determines that it did, the defendant is to be resentenced following resolution of the challenge. Otherwise, the challenged item need only be stricken from the presentence report.

Affirmed in part and remanded.

1. SENTENCES — CONSECUTIVE SENTENCES — PROPORTIONALITY.

Consecutive sentences, when challenged on appeal as excessive, are reviewed individually to determine whether each is proportionate to the offense for which it was imposed.

2. SENTENCES — PRESENTENCE REPORTS — INACCURACIES.

If a sentencing court fails to resolve a claimed inaccuracy in a presentence report before imposing sentence, an appellate court

REFERENCES

Am Jur 2d, Criminal Law §§ 527, 552, 580.

See the ALR Index under Concurrent and Consecutive Sentences; Sentence and Punishment.

reviewing the sentence should remand for clarification by the sentencing court whether the challenged item played a role in the sentencing decision; where it is determined that the challenged item affected the sentence, resentencing and resolution of the challenge is necessary; otherwise, the challenged item need only be stricken from the presentence report (MCR 6.425[D][3]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Michael R. Smith,* Prosecuting Attorney, and *Carole F. Barnett,* Assistant Attorney General, for the people.

State Appellate Defender (by *Anne Yantus*), for the defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and SHEPHERD and FITZGERALD, JJ.

MICHAEL J. KELLY, P.J. In Docket No. 146283, pursuant to a plea agreement, defendant Eric S. Landis pleaded guilty of three counts of forgery, MCL 750.248; MSA 28.445. Defendant was sentenced to four to fourteen years' imprisonment. In Docket No. 149294, pursuant to a plea agreement, defendant pleaded guilty of two counts of forgery, MCL 750.248; MSA 28.445. He was sentenced to five to fourteen years' imprisonment, to be served consecutively to the four-to-fourteen year sentence he received in Docket No. 146283. Defendant appeals as of right. These matters have been consolidated for appellate review.

Defendant first argues that the consecutive nature of the sentences renders them violative of the principle of proportionality set forth in *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). A panel of this Court previously rejected this argument. *People v Warner,* 190 Mich App 734, 735-736; 476 NW2d 660 (1991). The *Warner* Court held

that in a case such as this, each sentence must be viewed individually to determine whether it violates the principle of proportionality. Although we disagree with the holding in *Warner* and its application to the facts of this case, we are required by Administrative Order Nos. 1990-6 and 1991-11, 436 Mich lxxxiv and 439 Mich cxliv, to follow *Warner*. Because each of defendant's sentences is within the sentencing guidelines range, they are presumptively neither excessively severe nor unfairly disparate. *People v Broden,* 428 Mich 343, 354-355; 408 NW2d 789 (1987). Under the holding in *Warner,* neither sentence violates the principle of proportionality. *Milbourn, supra.*

Defendant next argues that he is entitled to resentencing in Docket No. 146283 because the trial court failed to resolve a claimed inaccuracy in the presentence report. We agree with defendant that the trial court failed to resolve his challenge of the presentence report's conclusion that defendant was not remorseful. Therefore, we remand this matter to the trial court for further proceedings. *People v Thompson,* 189 Mich App 85, 88; 472 NW2d 11 (1991). On remand, "the court need only clarify whether the disputed matter played a role in its sentencing decision. If the court determines that it did, defendant shall be resentenced and the court shall resolve this challenge pursuant to MCR 6.425(D)(3). If it is determined that the disputed matter played no part in the sentencing decision, defendant's sentence is affirmed and the trial court need only strike the disputed matter from the presentence report." *Thompson, supra* at 88.

The sentence in Docket No. 149294 is affirmed; Docket No. 146283 is remanded for proceedings consistent with this opinion.