## PEOPLE v MILES

Docket No. 100683. Argued November 13, 1996 (Calendar No. 12). Decided March 6, 1997.

Dwayne E. Miles pleaded guilty in the Detroit Recorder's Court, Wendy M. Baxter, J., of armed robbery and possession of a firearm during the commission of a felony. At the time of the plea, he was advised, inter alia, that he would serve a two-year term for the felony-firearm conviction. Thereafter, following a receipt of a letter from a Department of Corrections employee indicating that the defendant had a previous felony-firearm conviction and after further investigation, the trial court entered an amended judgment, providing a five-year sentence for the felony-firearm conviction without notice to either party and without a resentencing hearing. The Court of Appeals, DOCTOROFF, C.J., and WAHLS, J. (WHITE, J., dissenting), affirmed in an unpublished opinion per curiam (Docket No. 164256). The defendant appeals.

In an opinion by Justice WEAVER, joined by Chief Justice MALLETT, and Justices BRICKLEY and RILEY, the Supreme Court held:

The court's failure to afford the defendant a resentencing hearing when it amended his felony-firearm sentence after learning of the error in the presentence report was harmless error. The defendant admits the accuracy of his prior felony-firearm conviction, and the sentencing court was bound by the enhancement provision of MCL 750.227b(1); MSA 28.424(2)(1). However, because the armed robbery sentence was also based on inaccurate information in the presentence report, the defendant has a right to be resentenced at a resentencing hearing for the armed robbery conviction.

1. A sentencing court need not consider the length of a consecutive or concurrent mandatory sentence when setting an indeterminate sentence. Where a defendant receives consecutive sentences and neither sentence exceeds the maximum punishment allowed, the aggregate of the sentences will not be disproportionate under *People v Milbourn*, 435 Mich 630 (1990). Each sentence is treated separately under *Milbourn*'s principle of proportionality.

2. Although the authority of the court over a defendant typically ends when a valid sentence is pronounced, the court may correct an invalid sentence after sentencing where, as in this case, it is

based on inaccurate information. The information in the presentence report was inaccurate because it failed to disclose the defendant's prior felony-firearm conviction. Under MCR 6.429(A), both sentences are invalid and subject to modification by the trial court.

3. The circumstances of this case are unique because the inaccuracy was not disputed by the defendant and the inaccuracy involved a mandatory sentencing scheme under which the trial court had no discretion. Despite these facts, the trial court erred when it modified the felony-firearm sentence sua sponte and implicitly resentenced the defendant to the same prison term for armed robbery without a resentencing hearing.

Affirmed in part, reversed in part, and remanded.

Justice CAVANAGH, concurring in part and dissenting in part, stated that the defendant is also entitled to resentencing for the felony-firearm conviction.

The charging documents stated that the defendant faced a two-year term of imprisonment for his felony-firearm conviction. As he pleaded guilty, he was informed again that he faced a two-year term. On the basis of this plea, he was convicted and later sentenced to the two-year term. Without notice or the opportunity to be represented by counsel, he was resentenced to a five-year term of imprisonment by an order that the trial court entered sua sponte, in violation of his right to counsel. A court may not enter an amended order of judgment that increases the period of a defendant's incarceration without giving notice and allowing the defendant an opportunity to appear with counsel, address the court, and hear the court's explanation of its sentencing decision.

Justice BOYLE, dissenting, stated that the trial judge could have reopened the sentence for the underlying offense and hold a resentencing hearing but was not obliged to do so. The felony-firearm determinate sentence was invalid, and its correction by the judge was a ministerial act because the judge had no discretion to impose a sentence other than that mandated by MCL 750.227b(1); MSA 28.424(2)(1).

*People v Davis*, 196 Mich App 597; 493 NW2d 467 (1992), overruled.

Justice KELLY took no part in the decision of this case.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief, Research,

Training and Appeals, and *Don W. Atkins*, Principal
Attorney, for the people.

State Appellate Defender (by *Peter Jon Van Hoek*)
for the defendant.

WEAVER, J. Defendant was convicted of armed rob-
bery and possession of a firearm during the commis-
sion of a felony. Because the presentence report
failed to show that defendant had a prior felony-
firearm conviction, the felony-firearm sentence
imposed was a two-year consecutive sentence. When
the trial court learned of the inaccuracy in the
presentence report the court, sua sponte and without
affording defendant a resentencing hearing, enhanced
the felony-firearm sentence to five years as statutorily
mandated. The Court of Appeals affirmed the
increased sentence.

We reverse in part and affirm in part the judgment
of the Court of Appeals. We remand for resentencing
only with regard to the armed robbery conviction and
hold the modification of the felony-firearm sentence
to be harmless error because defendant admits the
prior felony-firearm conviction.

I

Armed with a gun, defendant robbed a Detroit gro-
cery store in April 1992. He was charged with armed
robbery[1] and with possession of a firearm during the
commission of that felony.[2] The presentence report
stated that he faced a two-year consecutive prison
term for the felony-firearm charge.

---

[1] MCL 750.529;  MSA 28.797.

[2] MCL 750.227b(1);  MSA 28.424(2)(1).

In February 1993, defendant pleaded guilty as charged. This was a negotiated plea, and the terms of the bargain were placed on the record. During the plea proceeding, the trial court told defendant that he would serve two years in prison for felony-firearm.

In preparation for the March 1993 sentencing, the trial court received a presentence report that listed no prior felony-firearm conviction for defendant. Neither party challenged this portion of the report.

The trial court then sentenced defendant to a term of six to fifteen years in prison for armed robbery.[3] Believing that it was defendant's first felony-firearm conviction, the court imposed the two-year mandatory consecutive term.

Six weeks later, an employee of the Department of Corrections sent a letter to the trial court stating that defendant had previously been convicted of felony-firearm. The employee stated that, as a second felony-firearm offender, defendant should be serving a five-year term rather than a two-year term.

The trial court informed the Department of Corrections that it could not locate a record of a prior felony-firearm conviction. In response, the department provided a docket number, a date, and the name of the sentencing judge.

In the meantime, defendant had timely requested the appointment of appellate counsel. In April 1993, the court entered an order appointing counsel.[4]

---

[3] The sentencing guidelines were initially computed at two to six years, and the trial court advised defendant that if he accepted the plea, he would be sentenced within that guidelines range. When the guidelines were actually calculated, however, the range was four to twenty years.

[4] Under MCR 6.425(F)(3), this order constituted a timely claim of appeal.

The trial court then entered an amended judgment of sentence, providing that defendant would serve a five-year term of imprisonment for felony-firearm.[5] The amended judgment was entered without notice to either party and without a resentencing hearing.

On appeal, defendant argued that he should be resentenced,[6] but the Court of Appeals affirmed.[7] This Court granted defendant's application for leave to appeal.[8]

II

The question presented is whether the trial court had the authority to modify defendant's felony-firearm sentence from two to five years, sua sponte and without a resentencing hearing, when it learned after sentencing that defendant had previously been convicted of felony-firearm.

Defendant does not challenge the existence of the prior felony-firearm conviction. Instead, he argues that he is entitled to resentencing because the trial court should have been required to reconsider the length of his consecutive indeterminate sentence when it enhanced defendant's felony-firearm sentence to five years. The prosecutor correctly characterizes defendant's appeal as an attempt to raise the question whether a trial court should consider the effect of the length of a mandatory sentence when setting a consecutive indeterminate sentence.

---

[5] Again, this sentence would be served before the six- to fifteen-year sentence for armed robbery.

[6] The defendant did not attempt to withdraw his plea and did not challenge the accuracy of the prior felony-firearm conviction.

[7] Unpublished opinion per curiam, issued July 12, 1994 (Docket No. 164256).

[8] 451 Mich 896 (1996).

Although this issue has been addressed by the Court of Appeals, this Court has not addressed this question directly. The Court of Appeals in *People v Warner*, 190 Mich App 734; 476 NW2d 660 (1991), held that where a defendant receives consecutive sentences and neither sentence exceeds the maximum punishment allowed, the aggregate of the sentences will not be disproportionate under *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990).[9] In effect, *Warner* treats each sentence separately under *Milbourn*'s principle of proportionality.[10] Under Administrative Order Nos. 1994-4 and 1996-4, 445 Mich xci and 451 Mich xcii, *Warner* is controlling. We find *Warner*'s reasoning persuasive and hold that a sentencing court need not consider the length of a consecutive or concurrent mandatory sentence when setting an indeterminate sentence.[11]

In so holding, we overrule *People v Davis*, 196 Mich App 597; 493 NW2d 467 (1992), to the extent that it held a sentencing court must consider the effect of the length of the sentence of a mandatory felony-firearm conviction when sentencing the underlying felony. *Davis'* attempt to distinguish *Warner* is not persuasive. *Id.* at 602, n 2.

---

[9] *Milbourn* articulated the principle of proportionality, a standard applied when reviewing whether a sentence challenged as excessive actually comports with the seriousness of the offense and the offender.

[10] See also *People v Kent*, 194 Mich App 206; 486 NW2d 110 (1992), and *People v Landis*, 197 Mich App 217; 494 NW2d 865 (1992).

[11] A similar issue was addressed by this Court in *People v Thomas*, 447 Mich 390; 523 NW2d 215 (1994), in which this Court, applying MCL 769.24; MSA 28.1094, held that a partially invalid sentence need not be wholly annulled, but rather may be set aside only in respect to the unlawful excess. Although there was no "unlawful excess" at issue in this case, the principle of *Thomas*, that even the maximum and minimum terms of a sentence may be adjusted independently, is even more logical when applied to adjustments of sentences for separate convictions.

III

Although the authority of the court over a defend-
ant typically ends when a valid sentence is pro-
nounced, the court may correct an invalid sentence
after sentencing. *In re Jenkins*, 438 Mich 364; 475
NW2d 279 (1991); *People v Barfield*, 411 Mich 700;
311 NW2d 724 (1981); *People v Fox*, 312 Mich 577; 20
NW2d 732 (1945). This established rule is restated in
MCR 6.429(A):

> The court may correct an invalid sentence, but the court
> may not modify a valid sentence after it has been imposed
> except as provided by law.

Thus, it is necessary to address whether the underly-
ing sentences were invalid.

A

A sentence is invalid when it is beyond statutory
limits, when it is based upon constitutionally imper-
missible grounds, improper assumptions of guilt, a
misconception of law, or when it conforms to local
sentencing policy rather than individualized facts.
*People v Whalen*, 412 Mich 166, 169-170; 312 NW2d
638 (1981). This Court has also repeatedly held that a
sentence is invalid if it is based on inaccurate infor-
mation. *People v Triplett*, 407 Mich 510, 515; 287
NW2d 165 (1980); *Whalen, supra* at 170; *People v
Eason*, 435 Mich 228, 233; 458 NW2d 17 (1990).

In this case, the information in the presentence
report was inaccurate because it failed to disclose
defendant's prior felony-firearm conviction. A line of
Michigan cases hold that sentences based on inaccu-
rate information are invalid. *People v Lauzon*, 84
Mich App 201; 269 NW2d 524 (1978) (the trial court

erred when it sentenced the defendant under the mistaken belief that he had committed a burglary while out on bond); *People v Corlin*, 95 Mich App 740; 291 NW2d 188 (1980) (the presentence report erroneously stated that the defendant had pleaded guilty of possession, which carried a maximum penalty of two years, rather than delivery, which carried a maximum penalty of seven years); *People v Hale (After Remand)*, 106 Mich App 306; 308 NW2d 174 (1981) (error was found because the defendant's cooperation with the police was not made known to the court at the time of sentencing); *People v Hildabridle*, 45 Mich App 93; 206 NW2d 216 (1973) (it was error for the court to sentence the defendant on the basis of inaccurate information regarding the value of the stolen property).

The statutory requirement that the court review a presentence report before imposing a sentence underscores the importance of accuracy in sentencing. MCL 771.14;    MSA 28.1144.    Presentence reports "inquire into the antecedents, character, and circumstances of the person," MCL 771.14(1);    MSA 28.1144(1),   and are integral to sentencing, *People v Brown*, 393 Mich 174; 224 NW2d 38 (1974) (reasoning that a defendant cannot waive his right to a presentence report). They are intended to insure that the punishment is tailored not only to the offense, but also to the offender. *People v Triplett, supra* at 513-515.

The staff comment accompanying MCR 6.429(A) states, " '[i]nvalid sentence' refers to any error or defect in the sentence or sentencing procedure that entitles a defendant to be resentenced or to have the sentence changed." Although the staff comment

seems to anticipate that a sentence will be invalid
when the error operates against a defendant,
sentences have been held invalid even when the error
operated in a defendant's favor.[12] A sentence may be
invalid no matter whom the error benefits because
sentencing must not only be tailored to each defend-
ant, but also satisfy "society's need for protection and
its interest in maximizing the offender's rehabilitative
potential." *Triplett, supra* at 513 (citations omitted).

Because of the importance of accuracy in sentenc-
ing we find that the original felony-firearm sentence
was invalid and subject to modification by the trial
court under MCR 6.429(A). Because the armed rob-
bery sentence was based on the same inaccurate
information, we also hold it invalid under MCR
6.429(A). However, the question remains whether in
this case it was error for the trial court to increase
defendant's felony-firearm sentence and implicitly
reaffirm the defendant's armed robbery conviction
sua sponte and without affording defendant an oppor-
tunity to challenge the new information at a resen-
tencing hearing.

B

MCR 6.429(A) does not specify procedural safe-
guards that must be afforded a defendant when an
invalid sentence is modified.[13] Certain sentence modi-

---

[12] In *People v Corlin, supra*, the court initially sentenced the defendant
for possession of a controlled substance carrying a twelve-month term,
but then realized that the conviction was of delivery of a controlled sub-
stance carrying a three- to seven-year term.

[13] Certain modifications of valid sentences may be made "as provided
by law." For example, a trial court may modify a sentence under MCL
769.11b; MSA 28.1083(2), Michigan's sentence credit statute, and under
MCL 801.257; MSA 28.1747(7), authorizing trial courts to reduce a sen-
tence by one-quarter for good conduct.

fications of invalid sentences are ministerial in nature and do not require a resentencing hearing;[14] however, other modifications require the due process protections of a resentencing hearing.

For example, the majority of cases presume that the correction of a sentence found invalid because of inaccuracies in information relied on at sentencing will occur at a resentencing hearing. See, e.g., *People v Lauzon, People v Hale, People v Hildabridle,* and *People v Corlin, supra.* Such a conclusion is consistent with the fact that sentencing is a critical stage of the proceedings at which the defendant has a Sixth Amendment right to be represented by counsel. *People v Pubrat,* 451 Mich 589, 594; 548 NW2d 595 (1996).

The circumstances of this case are unique, given the fact that the inaccuracy involved a mandatory sentencing scheme under which the trial court had no discretion. The felony-firearm statute states:

> A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony, except a violation of section 223, section 227, 227a or 230, is guilty of a felony, and shall be imprisoned for 2 years. Upon a second conviction under this section, the person shall be imprisoned for 5 years. Upon a third or subsequent conviction under this subsection, the person shall be imprisoned for 10 years. [MCL 750.227b(1); MSA 28.424(2)(1).]

This statute requires proof beyond a reasonable doubt that a defendant carried a firearm during the commission or attempted commission of a felony and nothing more. Similar to the enhancement provision of the

---

[14] See, e.g., *People v Maxson,* 163 Mich App 467; 415 NW2d 247 (1987) (holding the fixing of a maximum sentence is a ministerial act).

controlled substances act, whether a defendant was a first-, second-, or third-time offender under the felony-firearm act affects only the duration of the defendant's sentence.

Due process protections afforded defendants subject to such sentence enhancement provisions are less than those afforded defendants for the substantive offense, because the enhancement is not a separate element that must be proved beyond a reasonable doubt. *People v Eason, supra* at 233. Applying *People v Eason,* the Court of Appeals in *People v Williams,* 215 Mich App 234, 236; 544 NW2d 480 (1996), held that for enhancement of a felony-firearm sentence "due process is satisfied as long as the sentence is based on accurate information and the defendant has a reasonable opportunity at sentencing to challenge that information." We agree.

Despite the fact that the inaccuracy in this case involved a mandatory enhancement provision with unique due process considerations, we hesitate to declare the sentence modification at issue purely ministerial because defendant's armed robbery and felony-firearm sentences were based on inaccurate information in the presentence report. Therefore, we hold that the trial court erred when it modified defendant's felony-firearm sentence and implicitly resentenced defendant to the same prison term for armed robbery sua sponte and without a resentencing hearing.

IV

In conclusion, we consider the effect of the unique circumstance of this case, that defendant admits the accuracy of the prior felony-firearm conviction, with

respect to both the felony-firearm sentence and the armed robbery sentence.

Regarding the felony-firearm sentence, because defendant admits the accuracy of the prior felony-firearm conviction and because the sentencing court was bound by the enhancement provision of MCL 750.227b(1); MSA 28.424(2)(1), it is unnecessary to resentence the defendant for the felony-firearm sentence conviction on remand. All challenges to the felony-firearm sentence are moot, and the court's failure to afford defendant a resentencing hearing when it amended the sentence was harmless error.

However, because the armed robbery sentence was based on inaccurate information in the presentence report, the defendant does have a right to be resentenced at a resentencing hearing with respect to the armed robbery conviction. On remand, the trial court may consider the new information regarding the prior felony-firearm as it chooses. The court may raise or lower the armed robbery sentence, or it may leave the sentence unchanged. And we repeat, the court is not bound to consider the length of the consecutive mandatory sentence for felony-firearm under *Milbourn*'s principle of proportionality because each *sentence* is a separate determination.

The judgment of the Court of Appeals is affirmed in part and reversed in part.

MALLETT, C.J., and BRICKLEY and RILEY, JJ., concurred with WEAVER, J.

CAVANAGH, J. (*concurring in part and dissenting in part*). I concur with the lead opinion's remand for resentencing on the armed robbery conviction. However, I dissent from its holding that the modification

of the felony-firearm sentence was harmless error because the defendant admits to the prior felony-firearm conviction. In contrast, I would hold that the defendant is also entitled to resentencing for the felony-firearm conviction.

The defendant's sentence for the felony-firearm conviction was changed from two years to five years, although the prior conviction had not been officially established or made a part of the record in this case. Even if it had been established, I disagree with the lead opinion's assertion that the defendant's sentence would necessarily have to be amended to be five years. If the prosecution has the discretion whether to charge the defendant with felony-firearm initially, it should also be able to enter into a plea bargain requiring the defendant to serve only two years instead of five. I would not want to limit the discretion of the prosecutor in a plea-bargain situation.

I emphasize that defendant was charged with felony-firearm. The information indicated that the sentence was a mandatory two years. Further, as he pleaded guilty, the judge informed him that he faced a two-year term.[1] On the basis of the plea, he was, in fact, sentenced to the mandatory two-year term. Because the prosecution had the ability to discover the defendant's prior record, but did not do so, it

---

[1] In connection with the plea, the assistant prosecutor agreed to the dismissal of some unrelated charges. During the plea proceeding, the trial court advised the defendant:

   Now, the People have agreed with you and your attorney that if you plead guilty as charged to armed robbery and felony firearm which carries a mandatory two years and has to be served consecutive; in other words, you can't serve the time for both crimes simultaneously. You have to do felony firearm two years first before you begin getting any credit for the armed robbery.

should be held to its bargain of a two-year sentence for the felony-firearm conviction.

I

Sentencing is a critical stage of the proceedings, at which the defendant has a Sixth Amendment right to be represented by counsel. *People v Eason*, 435 Mich 228, 234, n 8; 458 NW2d 17 (1990); *People v Smith*, 423 Mich 427, 452; 378 NW2d 384 (1985) (opinion of WILLIAMS, C.J.); *People v Wakeford*, 418 Mich 95, 121; 341 NW2d 68 (1983); *People v Johnson*, 386 Mich 305, 316-317; 192 NW2d 482 (1971).

In this instance, the defendant's sentence for felony-firearm was increased from two years to five years. Such a judicial order establishing the term of imprisonment is indeed a "sentence," at which the right to counsel attaches.

It appears that the action of the trial court and the affirmance of the Court of Appeals are largely premised on the view that it is certain that the defendant should have received a five-year sentence for felony-firearm. The unstated assumption is that, therefore, it would have been a waste of time and resources to conduct a resentencing.

There are at least two reasons why this approach is erroneous. First, the constitutional and other protections that attend a sentencing[2] are properly honored even when the outcome of the sentencing proceeding is a foregone conclusion.[3] Thus, a person convicted of

---

[2] See, generally, MCR 6.425 and chapter IX of the Code of Criminal Procedure, MCL 769.1 *et seq.*; MSA 28.1072 *et seq.*

[3] As I emphasized above, I do not think the five-year sentence is a foregone conclusion in this case. The two-year sentence was part of the plea bargain, which should be enforced. However, even if the five-year sen-

first-degree murder[4] must be formally sentenced, although the trial court's only option is a life sentence without possibility of parole. Other mandatory penalties, including the ordinary two-year sentence for felony-firearm, likewise must be formally pronounced in the presence of the defendant.

Second, a court may not deny counsel at a critical stage of the proceedings on the ground that the court cannot think of a basis upon which to challenge a ruling that the court intends to make. If this defendant had been given an opportunity to appear with counsel, he might well have been able to formulate a legal challenge to the five-year sentence.[5] Several potential issues are evident here, though his right to counsel at sentencing is not dependent on a court's ability to foresee a meritorious argument.

II

In this case, the charging documents stated that the defendant faced a two-year term of imprisonment. As he pleaded guilty, he was informed again that he faced a two-year term. On the basis of this plea, he was convicted and later sentenced to the two-year term. Without notice or the opportunity to be represented by counsel, the defendant was resentenced to a five-year term of imprisonment by an order that the trial court entered sua sponte. Such an occurrence violates the defendant's right to counsel.[6] A court may

---

tence were required, the defendant should be entitled to formal resentencing.

[4] MCL 750.316; MSA 28.548.

[5] For example, he would have been able to argue that the two-year sentence was part of the plea bargain.

[6] It is unnecessary to determine whether it is also a denial of his constitutional right to due process of law.

not enter an amended order of judgment that increases the period of a defendant's incarceration without giving notice and allowing the defendant an opportunity to appear with counsel, address the court, and hear the court's explanation of its sentencing decision.

III

For these reasons, I would reverse the judgment of the Court of Appeals, reverse in part the judgment of the trial court, and remand this case to the trial court for further proceedings. MCR 7.302(F)(1).

BOYLE, J. (*dissenting*).

I

While I agree with the majority that "a sentencing court need not consider the length of a consecutive or concurrent mandatory sentence when setting an indeterminate sentence," *ante* at 95, I dissent from the majority's decision that "the trial court erred when it modified defendant's felony-firearm sentence and implicitly resentenced defendant to the same prison term for armed robbery sua sponte and without a resentencing hearing." *Ante* at 100.

While the trial court may choose to treat the omission as a material factor and resentence in that event, it is not error to fail to do so. The sentence for the underlying offense was valid because it was based on accurate information. The defendant does not claim a mistake in the presentence report of which he was unaware, that his attorney was ineffective for advising him to plead guilty, or that the prosecutor was aware of the prior conviction and agreed to forgo the

prior conviction in the plea or sentence bargain.[1] Nor is this a situation in which defendant pleaded guilty of one offense and was sentenced incorrectly on an offense to which he did not plead guilty. See, e.g., *People v Corlin*, 95 Mich App 740; 291 NW2d 188 (1980).

The trial court had no discretion with regard to the sentence for the separate felony-firearm offense; thus, its correction nunc pro tunc, was a ministerial act not requiring a resentencing hearing. *People v Maxson*, 163 Mich App 467; 415 NW2d 247 (1987). Counsel for defendant acknowledged that he and the defendant had reviewed the presentence report "together," and that "[f]actually . . . there are no corrections or additions that need to be made to this report." The presentence report correctly reflected that the defendant pleaded guilty of the offense for which he was sentenced. While the trial court might have adjusted the sentence for the underlying offense downward had it known of the other felony-firearm conviction, the defendant foreclosed that option by his representation that the presentence report was accurate. The trial court may remit that forfeiture or decline to do so.

---

[1] Justice CAVANAGH's view that a defendant could argue at resentencing that a two-year sentence was part of the plea bargain is a non sequitur. The question before us is not whether defendant could move to withdraw a plea on the basis that the resentencing violated a plea bargain or that the plea was involuntary because defendant did not understand the consequences. He could have so argued here. If successful in that argument, the result would not be resentencing, but either specific performance or an order allowing withdrawal of the plea. He has not made such claims.

II

I do not dispute that the "cases presume that the correction of a sentence found invalid because of inaccuracies in information relied on at sentencing will occur at a resentencing hearing." *Ante* at 99. Defendant has a due process right not to be sentenced on the basis of a conclusion that is unsupported in fact. *Townsend v Burke*, 334 US 736; 68 S Ct 1252; 92 L Ed 1690 (1948). The majority, however, is unable to find any authority applying this principle to find that a resentence is required at the behest of a defendant where what was omitted was information that would have been detrimental to the defendant if known to the sentencing judge. The situation before us is one in which the sentence was valid and the information on which it was based was accurate, but incomplete.

Defendant does not point to any specific error in the armed robbery sentence, in fact conceding its validity. Just as the prosecutor could not later seek to reopen a sentence where it had knowledge that the court had proceeded on the factually incorrect basis that the defendant had fewer convictions than he actually did, an omission that operates in the defendant's favor, and to which the defendant does not object, does not render an otherwise valid sentence invalid.

In *In re Jenkins*, 438 Mich 364, 370; 475 NW2d 279 (1991), we explained:

> In the current legal culture, the trial judge must bring to bear at the moment of sentencing all the knowledge, experience, and ability available, because the decision made at that moment will be that judge's ultimate ruling. The sentencing process is carefully designed to ensure conscien-

tious and informed decision making as of that moment. Every effort is made to ensure that the judge has adequate and accurate information upon which to base the sentencing decision. *Sentencing occurs only after the defendant, the defendant's attorney, the prosecutor, and the victims have all had the opportunity to present their views to the court.* MCR 6.425. In addition, the presentence report is prepared to provide the court with as much information as possible so that the sentence can be tailored to fit the circumstances. *The parties have the opportunity to review the presentence report and to challenge the accuracy of any information it contains in advance of sentencing.* MCR 6.425. The current system encourages the judge to thoughtfully consider every factor before sentencing the defendant. [Emphasis added.]

Judges may wish to amend sentences to reflect the downward adjustment in the underlying sentence they would have made had they been aware of the prior convictions, and may do so. However to hold that they must do so, undermines the interest in finality and discourages full disclosure by the defendant to counsel so that counsel can fulfill obligations both to the client and the court. Defendant and his counsel had an opportunity to argue that the sentence for the underlying offense should be tailored to the circumstances. *People v Triplett*, 407 Mich 510, 513-515; 287 NW2d 165 (1980). Under these circumstances, that opportunity came and went at the time of sentencing. From all that appears here, defendant knowingly profited from an inaccurate presentence report and now seeks relief from an inaccuracy for which he must be deemed responsible (because he does not allege ignorance of the facts). A trial judge may grant relief in such circumstances, but is not required to do so.

I would hold that the trial judge was not required to reopen the sentence for the underlying offense and

hold a resentencing hearing. The felony-firearm determinate sentence was invalid, and its correction by the judge was a ministerial act because the judge had no discretion to impose a sentence other than that mandated by MCL 750.227b(1); MSA 28.424(2)(1). I would affirm the decision of the Court of Appeals.

KELLY, J., took no part in the decision of this case.