*93 CORRIGAN, J.
(dissenting). I respectfully dissent because I would deny this application for leave to appeal. Consistent with our “harmless error” rule, I would not require a remand for resentencing under MCL 769.34(10) when an original sentence still falls within the sentencing guidelines range upon rescoring.
MCL 769.34(10) does require affirming defendant’s sentence but does not require a remand for resentencing. MCL 769.34(10), in relevant part, provides:
If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant’s sentence.
When a “defendant’s minimum sentence is within appropriate guidelines sentence range,” the plain text of the statute imposes two commands. The Court of Appeals (1) “shall affirm that sentence” and (2) “shall not remand for resentencing,” absent one of two exceptions. Here, defendant’s minimum sentence of 102 months, even after adopting the majority view that the appropriate guidelines sentence range is now 78 to 195 months, still falls within the appropriate guidelines sentence range. Accordingly, the Legislature has expressly directed an appellate court to affirm in this circumstance.
The Legislature has further expressly barred a remand for resentencing, absent one of two exceptions. No one suggests that the second statutory exception for “inaccurate information” applies here.[1] The remaining exception is for “an error in scoring the sentencing
*94 guidelines.” Assuming arguendo that the majority has correctly interpreted the scoring requirements for offense variable 13, the statute still does not require a remand. The directive in MCL 769.34(10) not to remand unless a condition occurs does not metamorphose into a directive to remand when that condition occurs. The language is permissive in that it describes two conditions when an appellate court may remand, but the appellate court retains discretion with regard to whether remand is warranted. This accords with our “harmless error” rule, under which even an error in a ruling may not justify disturbing a judgment.[2]
In the interest of giving full meaning to the terms of the statute, I would affirm defendant’s sentence. The Legislature clearly directed that an appellate court affirm “[i]f a minimum sentence is within the appropriate guidelines sentence range....” That the Legislature also provided that an appellate court could remand on the basis of a scoring error in no way provides a mandate that an appellate court must remand. In the absence of greater clarity in the statute, I would not suggest that lower courts engage in a calculus of comparing percentages. Rather, I would trust the lower courts to employ the “substantial justice” standard of our harmless error rule. Here, any error is harmless because defendant’s original sentence of 102 months, which derived from the original guidelines sentencing *95 range of 87 to 217 months, still falls well within the post -McDaniel range of 78 to 195 months.
Accordingly, I would conclude that any error in scoring defendant’s guidelines sentencing range was harmless, because his original sentence remained within the guidelines range upon rescoring. I respectfully dissent.
Weaver and Young, JJ., concurred with Corrigan, J.

 Unlike People v Miles, 454 Mich 90, 96; 559 NW2d 299 (1997), in which our Court remanded when a presentence report did not disclose a prior conviction, the instant case does not turn on a factual determina *94 tion but on the legal interpretation of a statute. See also id. at 96-97 (citing other cases where errors arose from inaccurate information).

 MCR 2.613(A) provides:
Harmless Error. An error in the admission or the exclusion of evidence, an error in a ruling or order, or an error or defect in anything done or omitted by the court or by the parties is not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice.