# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

LAKEISHA NICOLE GUNN,

Defendant-Appellant.

UNPUBLISHED
November 21, 2017

No. 333317
Wayne Circuit Court
LC No. 13-004566-01-FH

Before: MURRAY, P.J., and FORT HOOD and GLEICHER, JJ.

PER CURIAM.

Defendant appeals as of right, following resentencing,[1] her sentence of 15 to 30 years' imprisonment for her jury-trial conviction of second-degree arson, MCL 750.73(1).[2] We affirm.

This case has a somewhat complicated and protracted procedural history. Following a jury trial, defendant was convicted of second-degree arson, MCL 750.73(1) ("Count I"), and placing an offensive or injurious substance in or near real property with intent to injure or damage property, MCL 750.209(1)(b) ("Count II"). The trial court originally sentenced defendant, as a third habitual offender, MCL 769.11, to 15 to 30 years' imprisonment for each conviction, to be served concurrently. On appeal, this Court affirmed defendant's convictions, but vacated her sentence on Count II, and remanded for resentencing on that count only. *People v Lakeisha Nicole Gunn*, unpublished opinion per curiam of the Court of Appeals, issued February 17, 2015 (Docket No. 318065), pp 1-2. In the context of considering defendant's sufficiency of the evidence challenge, this Court stated its reasoning for ordering resentencing of Count II in pertinent part, as follows:

---

[1] For reasons set forth in more detail subsequently in this opinion, defendant was only resentenced on a count of placing an offensive or injurious substance in or near real property with intent to injure or damage property, MCL 750.209(1)(b).

[2] Defendant was sentenced as a third habitual offender, MCL 769.11. As will be detailed subsequently in this opinion, the trial court also sentenced defendant to 10 to 30 years' imprisonment for her jury-trial conviction of placing an offensive or injurious substance in or near real property with intent to injure or damage property, MCL 750.209(1)(b).

-1-

[The judgment of sentence] . . . identifies the conviction offense on Count II as placing an explosive substance in or near real property, citing MCL 750.207(2)(b). The record indicates, however, that defendant was charged with and convicted of placing an offensive or injurious substance in or near real property, contrary to MCL 750.209(1)(b).

At sentencing however, defendant's conviction for Count II was inaccurately listed on the sentencing information report as placing explosives on or near property, contrary to MCL 750.207(2)(b), and the parties and the trial court proceeded as if defendant had been convicted of that offense, which is the offense identified on defendant's judgment of sentence. *Because the trial court sentenced defendant under the mistaken belief that [she] had been convicted of placing explosives on or near property, pursuant to MCR 2.617(A)(7), we vacate defendant's sentence for Count II and remand for resentencing on the correct conviction of placing an offensive or injurious substance in or near real property, contrary to MCL 750.209(1)(b).* [*Gunn*, unpub op at 1-2 (emphasis added).]

With respect to defendant's challenge that the trial court engaged in impermissible judicial fact-finding in scoring the sentencing guidelines variables, this Court stated, in pertinent part, as follows:

Defendant lastly argues that judicial fact-finding by the trial court when scoring the sentencing guidelines variables entitles [her] to resentencing under *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013). As defendant acknowledges, this Court rejected this same argument in *People v Herron*, 303 Mich App 392, 405; 845 NW2d 533 (2013) appeal held in abeyance ___ Mich ___; 846 NW2d 924 (2014). Because we are required to follow *Herron*, see MCR 7.215(J)(1), we reject this claim of error. [*Gunn*, unpub op at 13.]

Defendant subsequently applied for leave to appeal to the Michigan Supreme Court. In lieu of granting leave to appeal, the Michigan Supreme Court remanded for a *Crosby*[3] hearing pursuant to *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015) on Count I, but denied leave on the remaining issues. *People v Gunn*, 498 Mich 903; 870 NW2d 894 (2015). Specifically, the Michigan Supreme Court's order provided, in pertinent part, as follows:

[W]e REVERSE in part the judgment of the Court of Appeals, and we REMAND this case to the Wayne Circuit Court to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). On remand, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence.

---

[3] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court. [*Gunn*, 498 Mich at 903 (emphasis added).]

The trial court held a *Crosby* hearing, and concluded, with respect to Count I, that it would have imposed the same sentence on Count I had the sentencing guidelines been advisory. The trial court also resentenced defendant in accordance with the proper offense on Count II to 10 to 30 years' imprisonment. Defendant then filed a motion for resentencing with respect to Count I, which the trial court denied, holding that it lacked authority to resentence defendant.

Defendant now argues on appeal that this Court should remand to the trial court for resentencing on Count I. We disagree.

Where our resolution of the issue presented requires an interpretation of the applicable court rule, our review is de novo. *People v Comer*, 500 Mich 278, 287; 901 NW2d 553 (2017).

At issue in this case is the trial court's authority to revisit the sentence it rendered with respect to Count I. As an initial matter, MCR 6.429(A) states, "[A] court may correct an invalid sentence, but the court may not modify a valid sentence after it has been imposed except as provided by law." In *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997), the Michigan Supreme Court set forth the following legal principles with respect to what constitutes an invalid sentence:

> A sentence is invalid when it is beyond statutory limits, when it is based upon constitutionally impermissible grounds, improper assumptions of guilt, a misconception of law, or when it conforms to local sentencing policy rather than individualized facts. This Court has also repeatedly held that a sentence is invalid if it is based on inaccurate information. [Citations omitted.]

In the instant case, defendant contends that her sentence on Count I was invalid for several reasons, and we will address each in turn. First, defendant contends that her sentence on Count I was the product of impermissible judicial fact-finding in violation of the Sixth Amendment. However, as noted above, the trial court, in accordance with the Michigan Supreme Court's order that a *Crosby* hearing be held, clearly noted, with regard to its sentence on Count I, that it would not have "imposed a materially different sentence" for defendant but for the unconstitutional restraint on its discretion. *Lockridge*, 498 Mich at 397.

Defendant also argues that her sentence is unreasonable, disproportionate, disparate and that unusual circumstances existed warranting a more lenient sentence where defendant's actions in committing second-degree arson were the result of her being in an abusive domestic

relationship.[4]  As an initial matter, we note that a review of her brief on appeal in Docket No. 318065 confirms that defendant, aside from her *Alleyne* challenge, did not raise any other arguments concerning the validity of her sentence in her initial appeal.  Moreover, where defendant's minimum sentence falls within "the appropriate guidelines sentence range," this Court "shall affirm that sentence" absent an error in scoring or an indication that the sentence was based on inaccurate information.  MCL 769.34(10); *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016).

Defendant also argues that her sentence on Count I was based on inaccurate information where the trial court initially rendered a sentence on Count II for the incorrect offense of placing explosives on or near real property, contrary to MCL 750.207(2)(b).  In support of her argument, defendant points to the Michigan Supreme Court's decision in *Miles*, 454 Mich at 90.  At issue in *Miles* was the authority of the trial court to modify a sentence.  *Id*. at 96.  The Michigan Supreme Court held that the trial court erred in increasing the defendant's sentence for felony-firearm and reaffirming its sentence for armed robbery "without affording [the] defendant an opportunity to challenge [subsequent] new information at a resentencing hearing."  *Id*. at 98.[5]  Where the defendant conceded the accuracy of a prior felony-firearm conviction, the Michigan Supreme Court concluded that the trial court's failure to conduct a resentencing hearing before amending the judgment of sentence as a result of that new information was harmless error.  *Id*. at 100-101.  However, with respect to the defendant's sentence of armed robbery, the Michigan Supreme Court remanded for resentencing where that sentence was "based on . . . inaccurate information in the presentence report[.]"  *Id*. at 101.

In our view, *Miles* is factually dissimilar, in that the defendant's presentence investigation report (PSIR) in that case omitted information that directly affected both his sentence for felony-firearm and armed robbery.  In the present case, the incorrect citation of the offense in the PSIR and in the judgment of sentence did not directly impact defendant's sentence for second-degree arson.  In fact, the trial court plainly stated that although the wrong citation had been included in the PSIR and judgment of sentence, the trial court was cognizant that it was sentencing defendant on the correct charge.  Further, while there may have been an inadvertent procedural discrepancy that occurred with regard to defendant's sentence on Count II, we note that the sentencing guidelines for both offenses relative to Count II were the same, given that placing explosives on or near real property, MCL 750.207(2)(b), and placing an offensive or injurious substance in or near real property with intent to injure or damage property, MCL 750.209(1)(b), are both Class B offenses.  MCL 777.16k.[6]  Therefore, because defendant's sentence of 15 to 30 years'

---

[4] Aside from arguing for a lesser sentence where defendant had been involved in an abusive relationship, defendant did not raise any of these claims with respect to Count I at the resentencing for Count II.

[5] Specifically, the report did not correctly include information that the defendant had a previous felony-firearm conviction.  *Id*. at 92.

[6] Notably, at the resentencing hearing on May 3, 2016, defense counsel conceded that the sentencing guidelines range remained the same.

imprisonment for Count I is a valid sentence, the trial court correctly recognized that it did not have the authority to modify it. See MCR 6.429(A).

       Affirmed.


                                            /s/ Christopher M. Murray
                                            /s/ Karen M. Fort Hood