# Order

Michigan Supreme Court
Lansing, Michigan

January 17, 2020

Bridget M. McCormack,
Chief Justice

158068

David F. Viviano,
Chief Justice Pro Tem

PEOPLE OF THE STATE OF MICHIGAN,
       Plaintiff-Appellee,
v

TYKEITH L. TURNER,
       Defendant-Appellant.
_____/

SC: 158068
COA: 336406
Wayne CC: 95-010246-FC

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we REVERSE the May 17, 2018 judgment of the Court of Appeals, and we REMAND this case to the Wayne Circuit Court to reinstate the December 21, 2016 judgment of sentence.

The Court of Appeals erred to the extent it held that MCL 769.25a does not allow a defendant to be resentenced on concurrent sentences. *People v Turner*, unpublished per curiam opinion of the Court of Appeals, issued May 17, 2018 (Docket No. 336406), p 3. Section 25a creates a resentencing procedure for sentences in violation of *Miller v Alabama*, 567 US 460 (2012) and *Montgomery v Louisiana*, 577 US ___; 136 S Ct 718 (2016). Under that procedure, the prosecuting attorney was required to "provide a list of names to the chief circuit judge of that county of all defendants who are subject to the jurisdiction of that court and who must be resentenced under [*Montgomery*]." MCL 769.25a(4)(a). Once that occurred, the defendant was not required to file a separate motion for relief from judgment in order to seek resentencing on his concurrent sentence for assault with intent to murder.

A sentence is invalid if it is "based upon . . . a misconception of law . . . ." *People v Miles*, 454 Mich 90, 96 (1997). In the *Miller* context, a concurrent sentence for a lesser offense is invalid if there is reason to believe that it was based on a legal misconception that the defendant was required to serve a mandatory sentence of life without parole on the greater offense. Accordingly, at a *Miller* resentencing, the trial court may exercise its discretion to resentence a defendant on a concurrent sentence if it finds that the sentence was based on a legal misconception that the defendant was required to serve a mandatory sentence of life without parole on the greater offense.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 17, 2020



Clerk

p0114