*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE TOWNSHIP OF ORION,

        Plaintiff-Appellee,

v

VINCENT PAUL SIMPSON,

        Defendant-Appellant.

UNPUBLISHED
January 12, 2023

No. 360957
Oakland Circuit Court
LC No. 2022-193134-AR

Before: CAVANAGH, P.J., and O'BRIEN and RICK, JJ.

PER CURIAM.

In 2022, defendant pleaded guilty in district court to a reduced charge of failure to display a valid license, MCL 257.311, and was sentenced to 60 days in jail for his nonserious misdemeanor conviction. Defendant appeals his sentence by leave granted. *People v Simpson*, unpublished order of the Court of Appeals, entered April 21, 2022 (Docket No. 360957).[1] We remand for further proceedings.

Defendant's sole issue on appeal is that the district court abused its discretion by imposing a 60-day jail sentence for his conviction, contrary to MCL 769.5, which establishes a rebuttable presumption for a nonjail, nonprobationary sentence for a nonserious misdemeanor conviction.

We review the proper interpretation and application of statutes de novo. *People v Bruce*, 504 Mich 555, 562; 939 NW2d 188 (2019). We apply a clear error standard of review to a trial court's factual determinations at sentencing, which must be supported by a preponderance of the evidence. *People v Stoner*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 355317); slip op at 3. We review the reasonableness of a trial court's sentence determination for an abuse of discretion. *People v Walden*, 319 Mich App 344, 351; 901 NW2d 142 (2017). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled

---

[1] This Court's order granting defendant's application also ordered that defendant "be immediately released on personal recognizance bond pending appeal."

-1-

outcomes" or "when it makes an error of law." *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013).

On March 10, 2022, defendant was sentenced for his misdemeanor conviction of failure to display a valid license.[2] As the parties recognize, 2020 PA 395, effective March 24, 2021, amended MCL 769.5 to provide a rebuttable presumption that the court shall sentence a person convicted of a nonserious misdemeanor to a nonjail or nonprobationary sentence, but gives the court discretion to depart from the presumptive sentence if there are "reasonable grounds" for doing so. In specific, MCL 769.5 currently provides, in relevant part:

> (3) There is a rebuttable presumption that the court shall sentence an individual convicted of a misdemeanor, other than a serious misdemeanor, with a fine, community service, or other nonjail or nonprobation sentence.

> (4) The court may depart from the presumption under subsection (3) if the court finds reasonable grounds for the departure and states on the record the grounds for the departure.

Under the plain language of the statute, we must determine whether the district court articulated "reasonable grounds" for imposing a sentence that departs from the presumptive nonjail sentence. Although the phrase "reasonable grounds" is not defined in MCL 769.5, we accord the phrase its plain and ordinary meaning. "[U]nless defined in the statute, every word or phase of a statute should be accorded its plain and ordinary meaning, considering the context in which the words are used." *Lewis v LeGrow*, 258 Mich App 175, 183; 670 NW2d 675 (2003).

In this case, the district court gave reasons that could support a decision to deviate from the presumptive nonjail sentence and support a 60-day custodial sentence. The court explained that defendant was at high risk for recidivism, a risk to public safety, and had a "very lengthy" criminal history. Indeed, the nature of the offense involved defendant knowingly driving without a valid license, and defendant's prior criminal history—which dates back to 1995—includes multiple driving offenses. The court discussed defendant's prior criminal record, which included: (1) driving without a valid license in 1995, (2) OUIL in 1998, (3) OUIL in 1999, (4) contributing to the delinquency of a minor in 1999; (5) assault and battery in 1999, (6) driving while license suspended in 2000, (7) OUIL and attempted fleeing or eluding in 2000, (8) open intoxicant in a vehicle in 2002, (9) failure to stop and provide identification in 2005, (10) driving while license suspended in 2005, (11) OUIL, resisting or obstructing a police officer, possession of marijuana, possession of a controlled substance, and operating with a high BAC, all in 2013, and (12) allowing a person to drive in violation of the motor vehicle code in 2018. The court also noted defendant's conviction of carrying a concealed weapon, which occurred shortly after the incident that gave rise to the charge in this case. Defendant seeks to downplay the district court's reliance on the significance of his prior criminal history by claiming, without providing any supportive authority for such limitation, that the court "looked too far back" in time. Although there are limits on a court's consideration of prior convictions for purposes of scoring the sentencing guidelines, see

---

[2] It is undisputed that failure to display a valid license is not a serious misdemeanor. See MCL 769.5(7) and MCL 780.811.

-2-

MCL 777.50 (when scoring prior record variables, a court should not consider any conviction or juvenile adjudication "that precedes a period of 10 or more years between the discharge date from a conviction or juvenile adjudication and the defendant's commission of the next offense resulting in a conviction or juvenile adjudication"), defendant has not cited any authority otherwise precluding the trial court's consideration at sentencing of defendant's criminal history dating back more than 25 years. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998).

In further support of its reasoning that defendant would likely reoffend, the district court explained that it was also concerned that defendant had represented "to the probation officer that you're going to continue to drive because you have to live." Indeed, in the District Court Substance Abuse Evaluation prepared for sentencing, the author stated that defendant "admits that he knew his license was suspended" and further stated:

> Additionally, the defendant has already voiced that he will continue driving because he "has to live." These two factors lead this Officer to the believe that the defendant is making the choice to continue to drive, despite knowing he does not have a valid license. He was offered alternatives to driving (i.e. Uber) and he indicated that this was not a possibility. Given his recidivism and his attitude that he needs to drive despite not having a license since 1999, will make him a poor candidate for a community supervision term.

Defendant's prior offenses further show that he had, in fact, already continued to drive without a license, and supports the district court's belief that defendant was at high risk for recidivism and a risk to public safety. Thus, defendant's attempt to isolate this Court's view of his nonserious misdemeanor of failure to display a valid license fails.

The record reflects that the district court adequately articulated grounds for imposing a 60-day custodial sentence and demonstrates both that those grounds are reasonable and support that the sentence is more proportionate to the offender and the offense than the presumptive nonjail, nonprobationary sentence. In light of the circumstances of this case, the district court did not abuse its discretion by departing from the presumptive sentence prescribed in MCL 769.5.[3]

While the district court stated reasons that could support its departure sentence, when imposing such a sentence, the court must know that it is, in fact, departing. As defendant observes, the district court never mentioned, nor alluded to, the rebuttable presumption or the recently amended statute. There is no requirement in the statute that the court expressly acknowledge the

---

[3] Defendant makes much of the unfortunate facts that he was involved in an accident, suffered serious injuries, and now uses a prosthetic leg. While these events are undeniably tragic, defendant does not explain why his condition would legally exempt him from being sentenced to jail. As previously noted, "[a]n appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *Kelly*, 231 Mich App at 640-641.

statutory rebuttable presumption and state that it is departing from the presumptive sentence. However, a sentence is invalid when it is based upon a misconception of law. *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997). In this case, the record does not demonstrate that the district court necessarily recognized the statutory rebuttable presumption. Of particular concern is that before imposing sentence, the court stated that "the Court's not going to place you on probation," which suggests that the court might not have been aware of the presumption for a nonjail, nonprobationary sentence, and therefore, may have sentenced defendant under a misconception of the law. Accordingly, we remand this case to the district court for further inquiry, specifically whether the district court was aware of the rebuttable presumption and that it was imposing a departure sentence.[4]

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Colleen A. O'Brien
/s/ Michelle M. Rick

---

[4] We reject defendant's request to remand this case to a different judge. Preliminarily, defendant has abandoned this claim by failing to properly brief its merits. *Kelly*, 231 Mich App at 640-641. Defendant fails to develop any argument that the sentencing judge would be unable to rule fairly on remand. Further, the district judge's statements at sentencing give no cause for concern that its sentencing decision was based on inappropriate considerations. Lastly, remand is necessary to determine the judge's awareness, or lack thereof, of a recently amended statute, not because the court's sentence was patently erroneous.