*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BENJAMIN DAVID STOLL,

Defendant-Appellant.

UNPUBLISHED
March 09, 2026
12:35 PM

No. 374628
Macomb Circuit Court
LC No. 2023-001689-FC

Before: WALLACE, P.J., and GARRETT and ACKERMAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury conviction of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84(1)(a). He was sentenced to 48 to 120 months' imprisonment. On appeal, he asserts instructional and scoring errors. We affirm.

## I. BACKGROUND

This case arises out of a domestic dispute on May 29, 2023, in which defendant assaulted the victim, who was then his girlfriend, at a hotel in Warren. The victim's trial testimony established that, during their two-night stay at the hotel, defendant threatened her, refused her access to a phone, and allowed her to leave the hotel room only once to accompany him to a nearby Walmart. On the final night of their stay, defendant physically assaulted the victim over the course of approximately seven hours and repeatedly told her that he wanted to kill her and knew where to bury her but did not know how to get away with it.

The victim pleaded with defendant for medical attention, and he allowed her to call 911 only after she agreed to falsely report that her injuries were caused by two African American men who had robbed and assaulted her. When emergency personnel arrived, they observed that the victim had sustained significant facial trauma. She initially went along with defendant's ruse but, after emergency personnel removed him from the room at her request, she reported that defendant caused her injuries. The victim sustained serious injuries as a result of the attack, and defendant was subsequently charged with one count of assault with intent to commit murder (AWIM), MCL 750.83, and one count of AWIGBH or assault by strangulation, MCL 750.84(1)(b).

-1-

Defendant subsequently pleaded no contest to assault by strangulation and proceeded to trial only on the AWIM charge.[1]  At trial, defense counsel sought jury instructions on AWIGBH and aggravated assault, MCL 750.81a(1), as lesser offenses of AWIM.  The trial court denied the request for an instruction on aggravated assault but instructed the jury on AWIGBH as a lesser offense.  The jury ultimately convicted defendant of the lesser offense of AWIGBH, and he was sentenced as described above.  He now appeals.

## II.  DISCUSSION

### A.  AGGRAVATED-ASSAULT INSTRUCTION

Defendant first argues that the trial court deprived him of his right to a properly instructed jury and to present a defense by declining to instruct the jury on aggravated assault as a cognate lesser offense.

We review de novo preserved claims of instructional error but review for an abuse of discretion a trial court's determination that a jury instruction is applicable to the facts of a case. *People v Dobek*, 274 Mich App 58, 82; 732 NW2d 546 (2007).  A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes.  *People v Yost*, 278 Mich App 341, 353; 749 NW2d 753 (2008).  "As a preserved, nonconstitutional[2] error, the defendant's conviction will not be reversed unless, after examining the nature of the error in light of the weight and strength of the untainted evidence, it affirmatively appears that it is more probable than not that the error was outcome determinative."  *People v Czuprynski*, 325 Mich App 449, 462-463; 926 NW2d 282 (2018) (cleaned up).  A defendant alleging instructional error bears "the burden of establishing that the error undermined the reliability of the verdict."  *People v Hawthorne*, 474 Mich 174, 184; 713 NW2d 724 (2006).

"A criminal defendant has the right to have a properly instructed jury consider the evidence against him."  *People v Ogilvie*, 341 Mich App 28, 34; 989 NW2d 250 (2022) (citation omitted).  "The jury instructions must include all elements of the crime charged, and must not exclude from jury consideration material issues, defenses or theories if there is evidence to support them."  *People v Armstrong*, 305 Mich App 230, 240; 851 NW2d 856 (2014) (quotation marks and citation omitted).

Whether a jury instruction on a lesser offense is warranted depends on whether the lesser offense is a necessarily included lesser offense or a cognate lesser offense.  *People v Lowery*, 258

---

[1] This Court denied defendant's subsequent application for leave to appeal his plea-based conviction and sentence for assault by strangulation.  *People v Stoll*, unpublished order of the Court of Appeals, entered August 25, 2025 (Docket No. 376412).  Only the jury conviction for AWIGBH is at issue in this appeal.

[2] Though defendant asserts that the purported instructional error deprived him of his constitutional rights to a properly instructed jury and to present a defense, our Supreme Court has clarified that the failure to give an instruction on a lesser included offense is a statutory error subject to harmless-error review.  *People v Cornell*, 466 Mich 335, 354-355, 361-363; 646 NW2d 127 (2002).

Mich App 167, 173; 673 NW2d 107 (2003). An offense is a necessarily included lesser offense if all of the elements of the lesser offense are contained within the greater offense, while a cognate offense "shares some common elements with, and is of the same nature as, the greater offense, but also has elements not found in the charged offense." *Id*. An instruction on a lesser offense is proper when the lesser offense is necessarily included in the charged offense and the instruction is supported by a rational view of the evidence. *Id*. An instruction on a cognate lesser offense is not permissible. *People v Cornell*, 466 Mich 335, 354-355; 646 NW2d 127 (2002), citing MCL 768.32.

In this case, defendant was charged with AWIM, the elements of which are: "(1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder." *People v Brown*, 267 Mich App 141, 147; 703 NW2d 230 (2005) (citation omitted). On the other hand, the elements of aggravated assault are (1) an assault without a weapon (2) causing serious or aggravated injury upon the victim (3) without intending to commit murder or inflict great bodily harm less than murder. MCL 750.81a(1). Aggravated assault thus contains an element that AWIM does not: that the victim sustained a serious or aggravated injury. Accordingly, aggravated assault is a cognate lesser offense of AWIM for which defendant was not entitled to a jury instruction. See *Cornell*, 466 Mich at 354 (recognizing that "MCL 768.32 only permit[s] consideration of necessarily included lesser offenses, not cognate lesser offenses").

On appeal, defendant acknowledges that aggravated assault is a cognate lesser offense of AWIM but nonetheless asserts that he was entitled to an aggravated-assault instruction. In support, he relies on a concurring opinion in *People v Haynie*, 505 Mich 1096 (2022) (CLEMENT, J., concurring), wherein Justice CLEMENT attempted to grapple with apparent incongruities between *Cornell* and other cases that discussed instructions on cognate lesser offenses. *Id*. at 1097-1100. Concurring opinions, however, are not binding authority. See *Mays v Governor of Mich*, 506 Mich 157, 188; 954 NW2d 139 (2020). Moreover, though both the instant case and *Haynie* involve the charged offense of AWIM, defendant here sought an instruction on aggravated assault as a lesser offense, while the defendant in *Haynie* sought an instruction on assault and battery, MCL 750.81(1), as a lesser offense. *Haynie*, 505 Mich at 1096. Defendant has not presented any binding authority establishing that the trial court erred by failing to instruct the jury on the cognate lesser offense of aggravated assault, and he is therefore not entitled to relief on that basis.

## B. SCORING CHALLENGE

Defendant next challenges the trial court's assessment of 15 points for Offense Variable (OV) 8. We review the factual basis for a trial court's assessment of offense variables for clear error and review de novo "whether the trial court properly interpreted and applied the sentencing guidelines to the findings." *People v Teike*, 348 Mich App 520, 525; 19 NW3d 733 (2023) (citation omitted). "Clear error exists when this Court is left with a definite and firm conviction that a mistake was made." *Id*. at 526 (quotation marks and citation omitted).

Because due process requires that a defendant be sentenced only on the basis of accurate information, "a sentence is invalid if it is based on inaccurate information." *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997). OV 8 addresses victim asportation or captivity and is properly assessed at 15 points when "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the

offense." MCL 777.38(1)(a). "A victim is held captive under OV 8 when the defendant exerts either physical restraint or psychological influence over the victim." *People v Allen*, 331 Mich App 587, 599; 953 NW2d 460 (2020), vacated in part on other grounds 507 Mich 856 (2021) (cleaned up).

In this case, the trial court assessed 15 points for OV 8 based on the evidence that defendant held the victim captive by both physical restraint and by exerting psychological influence over her. The record supports that assessment. The victim testified that defendant physically restrained her by holding her down with his hands, causing bruising that was depicted in photographs admitted into evidence and presented to the jury. She further described defendant forcing her down onto the bed when she tried to use the restroom without first asking him for permission. And she detailed that he refused to allow her to leave the hotel room except to accompany him to Walmart on one occasion. Moreover, he allowed her to seek medical attention only after she agreed to lie about the cause of her injuries. That evidence demonstrates that defendant used both physical restraint and psychological influence to hold the victim captive, and the trial court properly assessed 15 points for OV 8.

Affirmed.

/s/ Randy J. Wallace
/s/ Kristina Robinson Garrett
/s/ Matthew S. Ackerman