# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v

CHRISTOPHER ROBERT BALDES,

    Defendant-Appellee.

FOR PUBLICATION
March 17, 2015
9:20 a.m.

No. 320460
Macomb Circuit Court
LC No. 2013-003396-FH,
        2013-003397-FH,
        2013-003398-FH,
        2013-003399-FH,
        2013-003400-FH

Before: BOONSTRA, P.J., and SAWYER and O'CONNELL, JJ.

O'CONNELL, J.

The Macomb County Prosecutor appeals by leave granted the trial court's decision to sentence defendant, Christopher Robert Baldes, to five years' probation and drug treatment court. We vacate Baldes's sentence and remand for resentencing.

## I. FACTS

Baldes participated in a series of home invasions in Fraser and Roseville. Baldes pleaded guilty to various charges related to the home invasions. At the plea proceeding, the assistant prosecutor indicated that Baldes was seeking admission to drug treatment court. On November 19, 2013, Baldes appeared for sentencing. The trial court noted that Baldes had been screened and was a good candidate for drug treatment court. The trial court indicated that it had not yet made a decision, but that the drug treatment court team was meeting the following day and it would discuss his case.

On November 22, 2013, Baldes again appeared for sentencing. Baldes's pre-sentence investigation report (PSIR) indicated that the sentencing guidelines recommended a minimum sentence of 57 to 95 months' imprisonment, but the assessor recommended a sentence of three years' probation, subject to the conditions of drug treatment court. At the second sentencing hearing, the trial court indicated that it intended to admit Baldes into drug treatment court. The assistant prosecutor objected to admitting Baldes to drug treatment court and contended that the trial court did not have sufficient reason to depart downward from the sentencing guidelines.

-1-

The trial court determined that it did not need to articulate substantial and compelling reasons to depart downward from the sentencing guidelines in order to admit Baldes to drug treatment court, but it then stated several reasons on the record to do so, including Baldes's age, education, potential for rehabilitation, minimal criminal record, and family support. The trial court sentenced Baldes to serve five years' probation and a two-year drug treatment court program, which included serving 240 days in jail and successfully completing a rehabilitation program, completing a 30- to 45-day inpatient rehabilitation program on release and subsequently living in a three-quarter house with restrictions, daily support meetings for 90 days, a SCRAM tether, and intensive outpatient counseling.

## II. STANDARDS OF REVIEW

This Court reviews de novo issues of statutory interpretation. *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006). The purpose of statutory interpretation is to determine the Legislature's intent. *Id*. To do so, this Court examines the plain and ordinary language of the statute. *Id*. If the statute's plain and ordinary language is not ambiguous, we must enforce the statute as written. *Id*.

## III. PROSECUTORIAL APPROVAL FOR DRUG TREATMENT COURT

The prosecutor contends that the trial court violated MCL 600.1068(2) when it sentenced Baldes to drug treatment court without the prosecutor's approval. Baldes contends that a prosecutor's approval of a defendant's admission to drug treatment court constitutes a waiver of any challenge to the trial court's decision to depart downward from the sentencing guidelines to admit the defendant to drug treatment court. We agree that the prosecutor's approval would constitute a waiver of the trial court's decision to depart from the sentencing guidelines. See *People v Kowalski*, 489 Mich 488, 503l 803 NW2d 200 (2011) (holding that a party's intentional relinquishment of a known right constitutes a waiver that extinguishes any later error). But we conclude that the prosecutor did not approve of the downward departure in this case.

If admission into drug treatment court would deviate from a defendant's sentencing guidelines, the prosecutor must approve that defendant's admission into drug court:

> In the case of an individual who will be eligible for . . . deviation from the sentencing guidelines, the prosecutor must approve of the admission of the individual into the drug treatment court in conformity with the memorandum of understanding under [MCL 600.1602]. [MCL 600.1068(2).]

MCL 600.1062 provides that

> . . . if the drug treatment court will include in its program individuals who may be eligible for . . . deviation from the sentencing guidelines, the circuit or district court shall not adopt or institute the drug treatment court unless the circuit or district court enters into a memorandum of understanding with each participating prosecuting attorney . . . . The memorandum of understanding shall describe the role of each party.

The Macomb County memorandum of understanding describes the role of the prosecuting attorney. However, it does not provide any procedure for a prosecuting attorney to approve admission of a defendant into drug treatment court when that defendant's sentence deviates from the sentencing guidelines.

The prosecutor contends that it did not approve of Baldes's admission into drug treatment court. We agree. The prosecutor clearly indicated on the record that he did not support admitting Baldes into drug treatment court because doing so would constitute a large deviation from Baldes's sentencing guidelines. Accordingly, the prosecutor not only did not approve of Baldes's admission to drug treatment court, he expressly disapproved.

Baldes contends that the prosecutor approved his admission into drug treatment court when (1) a different assistant prosecutor previously approved his admission into the drug treatment court when the prosecutor signed a screening document, or (2) the prosecutor participated in the drug treatment court team meeting without objection. We disagree.

The drug treatment court statute provides that, to be admitted to drug treatment court, an individual must "complete a preadmissions screening and evaluation assessment[.]" MCL 600.1604(3). The screening document in this case did not state that it constituted approval of the individual's admission into the drug treatment court program. The document is titled "screener's checklist." It includes eight requirements and then indicates that, if a person does not meet the requirements, the "candidate is not eligible and should not be referred for assessment." A prosecutor signed at the bottom of the form above the words "Approved, Assistant Prosecutor."

There is simply nothing on the screening checklist that indicates that the prosecutor approved admitting Baldes into drug treatment court, much less did so when his admission deviated from the sentencing guidelines. Nothing on the screening checklist indicates that the prosecutor approved admitting Baldes into the program if he satisfactorily completed the assessment. Rather, the language of the form clearly indicates that it only refers Baldes for an assessment. We conclude that the prosecuting attorney's decision to sign the referral form did not constitute a waiver or approval.

We also conclude that we may not imply the prosecutor's approval from the prosecutor's failure to object before the sentencing hearing. A party's failure to timely assert a right constitutes a forfeiture, not a waiver. See *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). Even if we accept Baldes's assertion that the assistant prosecutor was present at the team meeting, there is simply no record of the drug treatment court team meeting, and thus we have no record of whether the prosecuting attorney approved admitting Baldes into the drug treatment court at the team meeting, or simply failed to object. The only record is that the prosecutor was silent before the second sentencing hearing. We conclude that a prosecutor's silence is not sufficient to constitute approval under MCL 600.1608 and does not waive the prosecutor's right to later demand enforcement of sentencing guidelines.

In sum, we conclude that the trial court erred when it admitted Baldes into drug treatment court when doing so constituted a departure from Baldes's sentencing guidelines and the prosecutor did not approve. It may be the best practice for a prosecutor to waive any deviation from the sentencing guidelines in writing, but an oral approval on the record at the plea,

sentencing, or other hearing, would be sufficient. However, courts may not admit a defendant into a drug treatment court program when doing so departs from the sentencing guidelines and the prosecutor has not approved.

We vacate and remand for resentencing. We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Mark T. Boonstra
/s/ David H. Sawyer

-4-