*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LAVELLE WESLEY SEARCY,

        Defendant-Appellant.

UNPUBLISHED
January 7, 2021

No. 346866
Macomb Circuit Court
LC Nos. 2017-002863-FH; 2017-
002864-FH; 2017-002865-FH

Before: MURRAY, C.J., and K. F. KELLY and STEPHENS, JJ.

PER CURIAM.

This matter has been remanded to us to consider as on delayed leave granted. *People v Searcy*, 505 Mich 863; 935 NW2d 40 (2019). Defendant pleaded *nolo contendere* to three counts of breaking and entering a building with intent to commit a felony or a larceny (breaking and entering), MCL 750.110; possession of burglar's tools, MCL 750.116; two counts of malicious destruction of police or fire department property, MCL 750.377b; assault with a dangerous weapon (felonious assault), MCL 750.82; and assaulting, resisting, or obstructing a police officer, MCL 750.81d(1). Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to 76 to 300 months' imprisonment for each of his breaking and entering convictions and for his possession of burglar's tools conviction, and to 76 to 180 months' imprisonment for each of his malicious destruction of police or fire department property convictions, for his assaulting, resisting, or obstructing a police officer conviction, and for his felonious assault conviction. On appeal, defendant argues that the trial court's preemption of a "preadmission screening and evaluation assessment" to determine his eligibility for participation in the mental health court because of the prosecuting attorney's refusal to consent to defendant's participation in the mental health court violates MCL 600.1093. In addition, defendant argues, had the trial court properly evaluated him for participation in the mental health court, he would have been eligible for admission. We vacate defendant's sentence and remand for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL BACKGROUND

Defendant committed multiple robberies in December 2016, and eventually pleaded no contest to the charges and requested that his case be moved to the mental health court. Defendant was deemed ineligible for an unspecified reason and, as a result, the trial court accepted

defendant's pleas. Subsequently defendant filed a motion to assign his case to the mental health court, arguing that the court should exercise its discretion and admit him into the program because he met the criteria for admission. After defendant was deemed ineligible for the mental health court because the prosecuting attorney refused to consent to his admission, defendant filed a motion for reevaluation for participation in the mental health court, arguing that there was no legal authority permitting the prosecution to unilaterally deny an individual entry into the mental health court. The trial court denied the motion and sentenced defendant, stating in part:

> Well, I mean, I can't make them evaluate him, I can't make [the prosecutor] decide to—to listen to a report, so, I mean, it is what it is. I can't change—I can't— I can't make water un-wet at this point.

Defendant filed a motion for resentencing and reconsideration of the order denying defendant's participation in the mental health court, arguing that the policy of not evaluating defendant's eligibility for the mental health court without the necessity of the prosecuting attorney's office approval was contrary to MCL 600.1093, which vests the discretion of participation solely with the trial court. Defendant contended that, at a minimum, he was entitled to an evidentiary hearing to determine the mental health court's policies and procedure regarding its discretion under MCL 600.1093. The trial court denied defendant's motion for reconsideration, stating:

> [T]he circuit court exercised its discretion under [MCL 600.1093(1)] to determine the criteria for entry into the mental health court when it entered into the Memorandum of Understanding with the prosecuting attorney's office, among others. The eligibility criteria was compiled by the circuit court with the assistance of the relevant entities under the Memorandum of Understanding. Under the clear terms of the parties' agreement, one of the prosecutor's responsibilities for the mental health court is to "screen all potential participants based upon established eligibility criteria." Accordingly, defendant's request for reconsideration of his participation in mental health court is properly denied.

After this Court denied defendant's application, *People v Searcy*, unpublished order of the Court of Appeals, entered February 13, 2019 (Docket No. 346866), the Supreme Court ordered this Court to decide defendant's appeal, and specifically directed this Court to "address whether a prosecuting attorney's office may unilaterally block an individual seeking placement in a mental health court from the 'preadmission screening and evaluation assessment' required by MCL 600.1093(3) . . . ." *Searcy*, 505 Mich at 863.

## II. ANALYSIS

Defendant asserts that the trial court's preemption of a "preadmission screening and evaluation assessment" to determine his eligibility for the mental health court because of the prosecuting attorney's refusal to consent to defendant's participation in the mental health court violates the explicit language and intent of MCL 600.1093. In addition, defendant argues that had the trial court properly evaluated him for participation in the mental health court, he would have been eligible for admission. We agree.

This Court reviews de novo the trial court's determinations regarding questions of law, including the proper interpretation of statutes. *People v Wiley*, 324 Mich App 130, 164-165; 919 NW2d 802 (2018). When interpreting statutory language, it is the role of the court to "ascertain the legislative intent that may reasonably be inferred from the words in a statute." *People v Couzens*, 480 Mich 240, 249; 747 NW2d 849 (2008). When the statutory language is clear and unambiguous, judicial construction is limited to enforcement of the statute as written. *People v Gardner*, 482 Mich 41, 50; 753 NW2d 78 (2008). It is presumed that "the Legislature intended the meaning it plainly expressed." *People v Mattoon*, 271 Mich App 275, 278; 721 NW2d 269 (2006).

In addition, a trial court's imposed sentence is reviewed for an abuse of discretion. *Wiley*, 324 Mich App at 165. A trial court abuses its discretion when it selects a sentence that "falls outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted). "A trial court necessarily abuses its discretion when it makes an error of law." *Id*. (quotation marks and citation omitted).

## A. MENTAL HEALTH COURT ELIGIBILITY

To start, we note that this Court recently touched upon the question regarding the prosecuting attorney's ability to unilaterally block an individual's admission to the mental health court in *People v Rydzewski*, 331 Mich App 126; 951 NW2d 356 (2020). In deciding that the memorandum of understanding in that case did not require the prosecutor's consent before sending a defendant to the mental health court, the *Rydzewski* Court recognized that MCL 600.1093 does not require the prosecution's consent for placement in the mental health court as does, for example, the statute for drug courts, MCL 600.1068(2). *Rydzewski*, 331 Mich App at 361. For the reasons outlined below, we agree with the *Rydzewski* Court that the statutes do not grant the prosecuting attorney's office the *unilateral* authority to prevent defendant from participating in the mental health court.

By statute, a trial court "may adopt or institute a mental health court pursuant to statute or court rules," and allow individuals to participate in the mental health court. MCL 600.1091(1). However, if a mental health court program allows "discharge and dismissal of an offense, delayed sentence, or deviation from sentencing guidelines" for eligible individuals, the trial court must:

> [E]nter[] into a memorandum of understanding with each participating prosecuting attorney in the circuit or district court district, a representative or representatives of the community mental health services programs, a representative of the criminal defense bar, and a representative or representatives of community treatment providers. . . . The memorandum of understanding must describe the role of each party. [MCL 600.1091(1).]

To determine which individuals are eligible to participate in mental health court, MCL 600.1093 provides, in part:

> Each mental health court shall determine whether an individual may be admitted to the mental health court. No individual has a right to be admitted into a mental health court. *Admission into a mental health court program is at the discretion of the court based on the individual's legal or clinical eligibility*. An

individual may be admitted to mental health court regardless of prior participation or prior completion status. However, in no case shall a violent offender be admitted into mental health court. [MCL 600.1093(1) (emphasis added).]

Moreover, "[t]o be admitted to a mental health court, an individual shall cooperate with and complete a preadmission screening and evaluation assessment and shall submit to any future evaluation assessment as directed by the mental health court." MCL 600.1093(3). The preadmission screening and evaluation includes:

(a) A review of the individual's criminal history. A review of the law enforcement information network may be considered sufficient for purposes of this subdivision unless a further review is warranted. The court may accept other verifiable and reliable information from the prosecution or defense to complete its review and may require the individual to submit a statement as to whether or not he or she has previously been admitted to a mental health court and the results of his or her participation in the prior program or programs.

(b) An assessment of the risk of danger or harm to the individual, others, or the community.

(c) A mental health assessment, clinical in nature, and using standardized instruments that have acceptable reliability and validity, meeting diagnostic criteria for a serious mental illness, serious emotional disturbance, co-occurring disorder, or developmental disability.

(d) A review of any special needs or circumstances of the individual that may potentially affect the individual's ability to receive mental health or substance abuse treatment and follow the court's orders. [MCL 600.1093(3)(a)-(d).]

Under MCL 600.1901, Macomb County's mental health court is governed by a Memorandum of Understanding (MOU). Specifically, the MOU states that the circuit court will, in part, (1) "[e]stablish points of participant eligibility for the mental health treatment court at post arraignment or later[,]" (2) "[i]ndicate processes by which court personnel will identify prospective program participants, initially screen for legal and clinical eligibility, and refer prospective program participants to the community mental health service program for further assessment[,]" and (3) "[i]dentify the clinical eligibility criteria for the designated target population." 16th Circuit LCR 2013-03. The MOU also states that the prosecuting attorney's office will "[a]ssist in the development of legal and clinical eligibility criteria" and "[s]creen all potential participants based upon established eligibility criteria." 16th Circuit LCR 2013-03. It likewise grants the authority to "screen all potential participants based upon established eligibility criteria" to the sheriff's department, the county jail, and the case manager.

The trial court's policy of preempting a defendant's preadmission evaluation for the mental health court because of the prosecuting attorney's refusal to approve defendant's participation violates the explicit language of MCL 600.1093, a point conceded by the prosecutor at oral argument before this Court. To be sure, MCL 600.1091 and MCL 600.1093(1) expressly permit the trial court to create a mental health court and to "determine whether an individual may be admitted to the mental health court." MCL 600.1093(1). But, "[a]dmission into a mental health

court program is at the discretion of the court[.]"  MCL 600.1093(1).  As noted by the *Rydzewski* Court, there is no statute explicitly affording the prosecuting attorney's office the power to unilaterally approve or deny a defendant for mental health court participation, or to stop defendant's preadmission evaluation.[1]  Instead, the pertinent statutory provisions require the trial court to exercise its discretion based on statutory criteria, as does the MOU.  And, although the prosecutor has a role in the decision when a memorandum exists, no statutory provision grants that position veto power over the decision.[2]  See, e.g., *Mich Gun Owners, Inc v Ann Arbor Public Schs*, 502 Mich 695, 702-708; 918 NW2d 756 (2018).  Because there is no statute that expressly allows the prosecuting attorney's office to unilaterally block defendant from admission[3] to a mental health court, the trial court had the discretion to conduct the preadmission screening and evaluation assessment before considering defendant's application to participate in the mental health court.

Because MCL 600.1093(1) gives the trial court sole discretion regarding defendant's admission to the mental health court, and the MOU does not give the prosecuting attorney's office a unilateral power to block defendant's admission to the mental health court, the trial court had the discretion to conduct the preadmission screening and evaluation assessment before considering defendant's application to participate in the mental health court.[4]

Defendant's sentences are vacated and this matter is remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Kirsten Frank Kelly
/s/ Cynthia Diane Stephens

---

[1] MCL 600.1095(1)(b)(iii) likewise does not support the prosecutor being granted unilateral authority to preclude a defendant from participating in the preadmission process, as the statute applies "upon admitting an individual into a mental health court."  MCL 600.1095(1).

[2] Under the MOU, the prosecuting attorney's office agreed to "[a]ssist in the development of legal and clinical eligibility criteria," and "[s]creen all potential participants based upon established eligibility criteria."  16th Circuit LCR 2013-03.  These duties do not appear to give the prosecuting attorney's office the power to unilaterally approve or deny a defendant's admission to mental health court.  Instead, these duties appear to establish the role of the prosecuting attorney's office in the total evaluation of a defendant by the trial court, the same duty that was given to the sheriff's department, case manager, and county jail.  16th Circuit LCR 2013-03.

[3] At oral argument before this Court the prosecutor indicated that the provision within MCL 600.1093(1), providing that "in no case shall a violent offender be admitted into mental health court," does not apply to defendant.

[4] Plaintiff urges this Court to extend *People v Baldes*, 309 Mich App 651; 873 NW2d 338 (2015), to the instant case.  However, the *Rydzewski* Court rejected the prosecution's argument, highlighting that MCL 600.1093 does not require the prosecution's consent for placement in the mental health court as does the drug court statute, MCL 600.1068(2).  *Rydzewski*, 331 Mich App at 361.