*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MARTIN DALE LOZON,

      Defendant-Appellant.

UNPUBLISHED
March 14, 2024

No. 365713
Crawford Circuit Court
LC No. 2022-004983-FH

Before: PATEL, P.J., and K. F. KELLY and RIORDAN, JJ.

PER CURIAM.

Defendant, Martin Dale Lozon, entered a guilty plea to possession of methamphetamine, MCL 333.7403(2)(b)(*i*). The trial court initially sentenced defendant to 12 months in jail followed by 24 months' probation, expressing the intention to hold the jail sentence "in abeyance" and to refer defendant to drug-court programming in Otsego County, over the objection of the prosecution. However, after the trial court learned that defendant was not eligible for the drug-court program, the court sua sponte resentenced defendant to serve 28 months to 10 years' imprisonment. Defendant appeals by leave granted.[1] We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

On September 16, 2021, defendant was jailed after he tested positive for methamphetamine while on parole for 2018 convictions of operating while intoxicated, third offense, MCL 257.625(1); MCL 257.625(9)(c), and delivering and manufacturing marijuana, MCL 333.7401(2)(d)(*iii*). On September 17, 2021, while defendant was in jail, he called a friend and asked him to remove "important papers" from the glove box of his car. Defendant's parole agent listened to the recorded phone call, and the agent concluded that defendant had narcotics in the glove box of his car and that defendant had called his friend to remove them from his car before

---

[1] *People v Lozon*, unpublished order of the Court of Appeals, entered May 18, 2023 (Docket No. 365713).

police found them. During the ensuing search of defendant's car, a baggie containing approximately one ounce of methamphetamine was found in the glove box.

Defendant was charged with possession of methamphetamine, second offense, MCL 333.7403(2)(b)(*i*); MCL 333.7413(1). Defendant ultimately pleaded guilty to one count of possession of methamphetamine, and the prosecution dismissed a habitual-offender-enhancement notice and an additional charge of possession of methamphetamine, second offense, in a separate file.

At the initial sentencing, the prosecution explained that the Otsego County Prosecutor had rejected defendant as a candidate for the drug-court program, and the prosecution argued that defendant was not an appropriate candidate for the drug-court program "given that his guidelines are a prison sentence" and that he had "done terrible on felony probation." Defense counsel responded that she was not aware that defendant was "denied to participate in Drug Court." Defense counsel asserted that she had spoken with a representative from "Otsego County Drug Court" and that the representative "was excited to have [defendant] participate in Drug Court." The trial court indicated that it believed that defendant would be accepted, or already had been accepted, into the drug-court program. The trial court imposed a sentence of 12 months in jail followed by 24 months of probation, adopting "all the standard conditions of probation along with the primary condition that [defendant] participate in and successfully complete the Otsego County Drug Program," and further stating that the jail sentence would be held "in abeyance to be used at the discretion of the Drug Court Program." The prosecution objected that "[MCL] 600.1062 does not allow sentencing into Drug Court without the prosecutor's acceptance of the case by both the prosecutor of the case and the funding court." The trial court responded that it was "going to let Drug Court deal with that" and that the presiding judge of the drug-court program had indicated that defendant was accepted and qualified for the program.

On September 19, 2022, the trial court issued a notice to appear to the prosecution and defense counsel for "re-sentencing due to the non-acceptance into sobriety court program." At the resentencing hearing on October 17, 2022, the trial court noted that defendant was sentenced in September, and that "[i]t was the Court's intention at that time to sentence him into the Drug Court Program in Otsego County," but defendant was not accepted into the program. The trial court resentenced defendant to serve 28 months to 10 years' imprisonment.

## II. AUTHORITY TO RESENTENCE

### A. STANDARD OF REVIEW

Whether a trial judge's understanding was a misapprehension of the law is a question of law that is reviewed de novo. *People v Moore*, 468 Mich 573, 579; 664 NW2d 700 (2003). However, because defendant failed to preserve his argument, "this Court's review is limited to plain error affecting defendant's substantial rights." *People v Solloway*, 316 Mich App 174, 197; 891 NW2d 255 (2016). "To obtain relief, it must be found that (1) an error occurred, (2) the error was plain or obvious, and (3) the plain error affected the defendant's substantial rights. The defendant bears the burden of establishing that his substantial rights were affected." *Id*. (citations omitted).

## B. ANALYSIS

Defendant argues that the trial court should have conducted a probation-violation proceeding rather than a resentencing. In the alternative, defendant argues that the trial court did not have the authority to resentence him because his inability to fulfill a term of his probation, specifically successful completion of the drug-court program, was not enough to render his sentence invalid. We disagree.

MCR 6.429(A) provides:

> The court may correct an invalid sentence, on its own initiative after giving the parties an opportunity to be heard, or on motion by either party. But the court may not modify a valid sentence after it has been imposed except as provided by law. Any correction of an invalid sentence on the court's own initiative must occur within 6 months of the entry of the judgment of conviction and sentence.

"[T]rial courts possess the power to review and correct an invalid sentence." *People v Comer*, 500 Mich 278, 295; 901 NW2d 553 (2017). "A sentence is invalid when it is beyond statutory limits, when it is based upon constitutionally impermissible grounds, improper assumptions of guilt, a misconception of law, or when it conforms to local sentencing policy rather than individualized facts." *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997). In addition, "sentences based on inaccurate information are invalid." *Id*. For example, a sentence is invalid when the trial court "sentence[s] the defendant on the basis of inaccurate information regarding the value of the stolen property." *Id*. at 97.

We first note that defendant's argument that he was entitled to a probation-violation proceeding, as opposed to resentencing, is unpersuasive because the trial court did not rely on defendant's alleged probation violations after his initial sentencing as a basis for resentencing. Rather, the reason for resentencing was that defendant was not eligible to participate in the drug-court program, as discussed at the initial sentencing. Generally, probation-violation proceedings are only warranted when the trial court must render "a discretionary determination of whether the violation warrants revocation." *People v Laurent*, 171 Mich App 503, 505; 431 NW2d 202 (1988). That did not occur here.

More importantly, defendant's initial sentence was invalid because it was imposed on the basis of the trial court's misapprehension that defendant was eligible for the drug-court program. Defendant's recommended guidelines range was 19 to 38 months' imprisonment. At the initial sentencing, the trial court departed downward from the applicable guidelines range and sentenced defendant to 24 months of probation "with the primary condition that [defendant] participate in and successfully complete the Otsego County Drug Program." The trial court erred in this regard because the prosecution did not approve of defendant's admission to the drug-court program. See

MCL 600.1062; MCL 600.1068.[2] Thus, the term of probation regarding the drug-court program was invalid.

Ordinarily, the proper remedy in this case would be a remand to the trial court to strike the invalid term of probation. See *People v Parish*, 282 Mich App 106, 108; 761 NW2d 441 (2009) ("Where a sentence is partially invalid, only the invalid part is to be vacated for resentencing[.]"). However, as noted, our Supreme Court has stated that "sentences based on inaccurate information are invalid." *Miles*, 454 Mich at 96. Here, defense counsel informed the trial court at the initial sentencing that a representative of the drug-court program "was excited to have [defendant] participate in Drug Court," that the representative "would want him to start immediately," and that she was "not aware [defendant] was denied to participate in Drug Court." In addition, the trial court noted that it "did get confirmation from Judge Cooper that you have been accepted over the objection of the prosecutor there." Further, the trial court indicated that it departed downward specifically because it believed that defendant would be, or already had been, admitted to the drug-court program, recognizing "the benefit that we're going to get as a community to sending you to prison versus the benefit that we could get by giving you an opportunity in Drug Court."

Simply put, the trial court had inaccurate information, provided by defense counsel, that defendant would be able to enroll in the drug-court program. The trial court relied upon this inaccurate information, and the trial court decided to depart downward at defendant's initial sentencing. This rendered the downward departure invalid, and the trial court was permitted to correct it.

Accordingly, because defendant's initial sentence was invalid, the trial court had the authority to correct the judgment of sentence sua sponte pursuant to MCR 6.429(A) after giving the parties an opportunity to be heard. No plain error occurred.

### III. OV 19

Defendant argues that offense variable (OV) 19 is unconstitutionally vague and that the trial court improperly scored OV 19. We disagree.

### A. STANDARD OF REVIEW

---

[2] Because defendant's initial sentence was a deviation from the recommended guidelines range, the prosecution was required to approve defendant's admission into the drug-court program. See *People v Baldes*, 309 Mich App 651, 654; 873 NW2d 338 (2015), citing MCL 600.1068(2) ("If admission into drug treatment court would deviate from a defendant's recommended sentence under the sentencing guidelines, the prosecutor must approve that defendant's admission into drug court[.]"). Further, because the drug-court program was in a different county, and not the county in which the sentencing offense occurred, both the Crawford County and the Otsego County prosecutors were required to approve defendant's admission into the drug-court program under MCL 600.1062(4)(c) and (d). However, the record demonstrates that neither prosecutor approved defendant's admission into the drug-court program.

This Court reviews "de novo constitutional challenges and questions of statutory interpretation." *People v Hrlic*, 277 Mich App 260, 262; 744 NW2d 221 (2007) (citations omitted). However, because defendant failed to challenge the constitutionality of OV 19 during the proceedings below, this issue is unpreserved. Consequently, "this Court's review is limited to plain error affecting defendant's substantial rights." *Solloway*, 316 Mich App at 197.

Defendant did, however, preserve his objections to the scoring of OV 19 by offering objections at the initial sentencing, in a sentencing memorandum, and at resentencing. See *People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016). "This Court reviews for clear error a trial court's findings in support of particular score under the sentencing guidelines but reviews de novo whether the trial court properly interpreted and applied the sentencing guidelines to the findings." *People v McFarlane*, 325 Mich App 507, 531-532; 926 NW2d 339 (2018). Clear error exists when this Court is "left with a definite and firm conviction that a mistake was made." *People v Abbott*, 330 Mich App 648, 654; 950 NW2d 478 (2019). "Under the sentencing guidelines, the circuit court's factual determinations . . . must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013), superseded by statute on other grounds as stated by *People v Rodriguez*, 327 Mich App 573, 579 n 3; 935 NW2d 51 (2019).

B. ANALYSIS

OV 19 applies if there was a "threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services." MCL 777.49. A sentencing court must assess 10 points for OV 19 if, in relevant part, "[t]he offender . . . interfered with or attempted to interfere with the administration of justice[.]" MCL 777.49(c). Interference with the administration of justice "encompasses more than just the actual judicial process," and the conduct need not "necessarily rise to the level of a chargeable offense" or constitute obstruction of justice. *People v Barbee*, 470 Mich 283, 287-288; 681 NW2d 348 (2004).

First, defendant challenges the constitutionality of MCL 777.49(c) for failure to provide fair notice. Defendant contends that "[t]here is no consistency, and certainly no limitation, as to what conduct constitutes 'interference' and what does not," and defendant argues that, because the statute does not define the word "interfere," "there is simply no notice about what conduct will increase punishment after police come to one's door to make an arrest." We disagree.

"Statutes and ordinances are presumed to be constitutional and are so construed unless their unconstitutionality is clearly apparent." *People v Gratsch*, 299 Mich App 604, 609; 831 NW2d 462 (2013), vacated in part on other grounds 495 Mich 876 (2013) (quotation marks and citation omitted). "The party challenging the statute has the burden of proving its unconstitutionality." *Id*. "A statute may be challenged as unconstitutionally vague when (1) it is overbroad and impinges on First Amendment freedoms; (2) it does not provide fair notice of the conduct proscribed[;] or (3) it is so indefinite that it confers unstructured and unlimited discretion on the trier of fact to determine whether the law has been violated." *Id*. at 610. "A statute provides fair notice when it gives a person of ordinary intelligence a reasonable opportunity to know what is prohibited." *Id*. "To determine whether a statute is unconstitutionally vague, this Court examines the entire text of the statute and gives the words of the statute their ordinary meanings." *People v Lockett*, 295 Mich App 165, 174; 814 NW2d 295 (2012). "[A] statute is sufficiently definite if its meaning can fairly be ascertained by reference to judicial interpretations, the common law, dictionaries, treatises, or

the commonly accepted meanings of words." *People v Mesik (On Reconsideration)*, 285 Mich App 535, 545; 775 NW2d 857 (2009) (quotation marks and citation omitted).

Although the phrase "interfered with or attempted to interfere with the administration of justice" is not defined by MCL 777.49, this Court has determined that "the plain and ordinary meaning of 'interfere with the administration of justice' for purposes of OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013). Further, our Supreme Court has held that "[c]onduct that occurs before criminal charges are filed can form the basis for interference, or attempted interference, with the administration of justice, and OV 19 may be scored for this conduct where applicable." *Barbee*, 470 Mich at 288. Because this Court and our Supreme Court have previously interpreted and applied the phrase "interfered with or attempted to interfere with the administration of justice," MCL 777.49, a person of ordinary intelligence would be aware of the conduct that is properly considered under OV 19.[3] Consequently, defendant had fair notice of the sort of conduct that is contemplated by OV 19, and MCL 777.49 is not unconstitutionally vague for failure to provide fair notice. No plain error occurred as to the constitutionality of the statute.

Second, defendant argues that the trial court erred by assessing 10 points for OV 19 because his conduct of calling his friend from jail occurred before the sentencing offense was committed. We disagree.

Defendant's argument suggests that he did not possess methamphetamine when he called his friend from jail. However, at his plea hearing, defendant acknowledged that he possessed methamphetamine on September 17, 2021, while he was "here in Crawford County." Thus, the sentencing offense was already completed at the time of his phone call to his friend from jail. The fact that defendant's possession of methamphetamine had not yet been discovered at the time that he called his friend from jail is inconsequential as to whether OV 19 could be scored. See *Barbee*, 470 Mich at 288. Therefore, the trial court correctly scored OV 19.

IV. CONCLUSION

There were no errors warranting relief. We affirm.

/s/ Sima G. Patel
/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan

---

[3] In *Hershey*, this Court defined the word "interfere" by reference to a layperson dictionary. See *Hershey*, 303 Mich App at 342-343. Thus, the meaning of the word "interfere" may be ascertained not only by judicial interpretations, but by a dictionary as well.