*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ARNDOLA CHARLES LEWIS,

        Defendant-Appellant.

UNPUBLISHED
May 13, 2021

No. 353116
Wayne Circuit Court
LC No. 17-001662-01-FC

Before: K. F. KELLY, P.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

Defendant appeals as of right his resentencing as a fourth-offense habitual offender, MCL 769.12, to 45 to 65 years' imprisonment for his second-degree murder conviction, MCL 750.317, 5 to 15 years' imprisonment for his felon-in-possession of a firearm conviction (felon-in-possession), MCL 750.224f, and 5 years' imprisonment for his conviction of possession of a firearm in the commission of a felony (felony-firearm), MCL 750.227b.[1] Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Defendant's convictions arise from the shooting death of the victim. Defendant lived in an apartment with his girlfriend, Tamika Smith, and her mother. Smith sold pills to the victim on a monthly basis and expected him to come to the apartment for a purchase. Smith was running errands with her mother, but returned home to retrieve her purse. When Smith entered her apartment, she observed the victim lying in the hallway with blood near his head. Defendant handed Smith her telephone and instructed her to dial 911. However, Smith became overwhelmed, and defendant also spoke to the 911 operator.

Defendant asserted that he shot the victim in self-defense, but gave conflicting statements regarding the ownership of the gun and the circumstances of the shooting. Ultimately, at trial, defendant

---

[1] *People v Lewis*, unpublished per curiam opinion of the Court of Appeals, issued December 4, 2019 (Docket No. 342461).

-1-

testified that the victim arrived at the apartment, but Smith was not there. Defendant asked the victim to leave, but the victim refused, and a fight ensued. Defendant testified that the victim "man-handled" him, causing defendant to reach for his weapon. Defendant contended that the victim was shot as they "tussled" over the weapon. Defendant admitted that he lied to the police when he claimed that the victim brought the gun to the apartment. Despite the theory of self-defense, defendant was convicted of second-degree murder and the weapon offenses.

Before sentencing, Offense Variable (OV) 3, MCL 777.33(2)(c), addressing physical injury to victim, was scored at 50 points,[2] and the minimum sentence guideline range was calculated at 315 to 1,050 months or life. Defendant was initially sentenced as a fourth-offense violent habitual offender, to 45 to 65 years' imprisonment for the second-degree murder conviction, 5 to 15 years' imprisonment for the felon-in-possession conviction, and 5 years' imprisonment for the felony-firearm conviction. On appeal, we affirmed defendant's convictions, but remanded for resentencing, concluding that OV 3, was incorrectly scored at 50 points when the correct assessment was 25 points. *People v Lewis*, unpublished per curiam opinion of the Court of Appeals, issued December 4, 2019 (Docket No. 342461), slip op p 10.

On remand, the trial court held a scheduling hearing on December 17, 2019. At that time, newly appointed defense counsel indicated that he had not yet received a copy of the appellate opinion. The trial court ordered preparation of an updated presentence investigation report (PSIR). However, defendant requested that he not remain in the county jail until his resentencing, but sought to be returned to prison. The trial court granted defendant's request, and defendant was contacted by telephone to update the PSIR. When the resentencing hearing occurred on January 15, 2020, defendant was represented by his new counsel. The trial court lowered the points assigned for OV 3 to 25 points. This reduced the calculated minimum sentence guidelines range from 315 to 1,050 months to 270 months to 900 months. The prosecution requested the trial court resentence defendant to the same sentence originally imposed. Defense counsel recognized that the trial court "could still sentence [defendant] the same as . . . before[,]" but noted that the guidelines were lowered. The trial court resentenced defendant to the same number of years in prison for each conviction as in his original sentence. This appeal followed.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant first submits that he was denied the effective assistance of counsel during his resentencing hearing because counsel failed to make any meaningful argument on defendant's behalf or to articulate any familiarity with defendant, his background, or his conduct since the date of his original sentencing hearing. We disagree.

## A. STANDARD OF REVIEW

"Whether a defendant received ineffective assistance of trial counsel presents a mixed question of fact and constitutional law." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). This Court reviews a trial court's factual findings for clear error and its conclusions of law de novo. *People v Miller*,

---

[2] MCL 777.33(2)(c) notes that a trial court shall assess "50 points" for OV 3 when the victim's "death results from the commission of a crime and the offense or attempted offense involves the operation of a vehicle[.]"

326 Mich App 719, 726; 929 NW2d 821 (2019). When no *Ginther*[3] hearing is held in the trial court, appellate review is limited to mistakes apparent on the record. *Id.*

"Criminal defendants have a right to the effective assistance of counsel under the United States and Michigan Constitutions." *People v Schrauben*, 314 Mich App 181, 189-190; 886 NW2d 173 (2016). To obtain a new trial premised on ineffective assistance of counsel, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012). It is presumed that defense counsel was effective, and a defendant must overcome the strong presumption that counsel's performance was sound trial strategy. *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). "[D]ecisions regarding what evidence to present and which witnesses to call are presumed to be matters of trial strategy, and we will not second-guess strategic decisions with the benefit of hindsight." *People v Dunigan*, 299 Mich App 579, 589-590; 831 NW2d 243 (2013). "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). "The fact that defense counsel's strategy may not have worked does not constitute ineffective assistance of counsel." *People v Stewart (On Remand)*, 219 Mich App 38, 42; 555 NW2d 715 (1996). However, counsel may be found ineffective for the strategy employed when it is not a sound or reasonable strategy. *People v Dalesandro*, 165 Mich App 569, 577-578; 419 NW2d 609 (1988). The burden of establishing the factual predicate for a claim of ineffective assistance is on the defendant. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

B. ANALYSIS

Defendant contends that defense counsel was ineffective at resentencing by failing to review the updated PSIR with defendant, by not advocating for a reduction in defendant's sentence premised on the positive information contained within the report, and by failing to familiarize himself with defendant's case by reading the trial testimony. Defendant failed to demonstrate ineffective assistance of counsel.

When the resentencing hearing commenced, the trial court stated that this Court ordered a remand for resentencing in light of the reduction in the score of OV 3 to 25 points. The trial court confirmed that it was in receipt of the updated PSIR and that the prosecutor and defense counsel had received the document. The trial court also noted that a sidebar discussion occurred to address the distinction between the recent recalculation of the sentencing guidelines and the guidelines as calculated in 2017 for the original sentencing. The prosecutor delineated the disparity between the prior calculation of the sentencing guidelines, and the parties' current agreement to the sentencing guidelines that set defendant's minimum guideline sentencing range at 270 to 900 months. The trial court then confirmed on the record that it scored OV 3 at 25 points, and it stated that the guidelines score reflected a minimum range of "270 months to 900 months or life."

When the prosecutor and defense counsel confirmed that there were no other scoring issues, two family members gave victim impact statements. The family members indicated that the victim was a father, a son, an uncle, a cousin, and a friend. They cited his selfless nature, his "heart of gold," a glowing smile, and the impact of his death on his family. Following the victim impact statements, the prosecutor

---

[3] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

noted that she had not tried the case. However, she requested that defendant be resentenced to the same periods of incarceration in light of the shooting to the back of the victim's head and defendant's prior record consisting of 11 felony convictions that included assaultive and drug offenses.

Defense counsel emphasized that the sentencing guidelines were recalculated and lowered. Although the trial court was entitled to impose the previous sentences, defense counsel requested that the sentencing be lowered appropriately. Defense counsel also acknowledged that the trial court "heard the testimony," and he "did not hear the testimony." In his allocution, defendant apologized to the victim's family and reiterated his contention that he was "protecting himself." When the trial court indicated that it previously imposed a sentence at the "bottom" end of the sentencing guidelines, defense counsel politely indicated that assertion was incorrect. Nonetheless, the trial court imposed the same 45 to 65 years' imprisonment for the second-degree murder conviction, 5 to 15 years' imprisonment for the felon-in-possession conviction, and 5 years' imprisonment for the felony-firearm conviction.

In light of the record, we cannot conclude that defendant met his burden of demonstrating ineffective assistance of counsel. Even if we assume, without deciding, that defense counsel's performance was deficient for failing to review the PSIR with defendant, he failed to demonstrate that any deficient performance caused him prejudice.[4] *Trakhtenberg*, 493 Mich at 51.

Additionally, defense counsel's failure to mention defendant's prison employment and good behavior—facts which were contained in the updated PSIR submitted to the trial court—was not unreasonable in light of the relative insignificance of those facts to the overall sentencing issue for the serious crime of second-degree murder. Defendant cannot demonstrate that "but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Id.* Any verbal recitation of defendant's prison employment and lack of misconducts would merely have been duplicative of the contents of the PSIR. However compliant defendant's recent behavior may have been while in prison, his resentencing occurred only two years into his 45-year minimum sentence for the serious crime of second-degree murder. Defense counsel's failure to verbally reference the lack of prison misconducts did not have a significant impact on defendant's resentencing in light of the serious violent crime for which defendant was imprisoned, the jury's rejection of the claim of self-defense, and defendant's extensive criminal record and prior misconducts while imprisoned, information also contained in the PSIR. The fact that defendant had not accrued any misconducts is not an affirmative step that warranted a sentence reduction; it merely recognized compliance with prison requirements. Moreover, this information was of limited value because "trial courts are not required to expressly or explicitly consider mitigating factors at sentencing." *People v Bailey*, 330 Mich App 41, 63; 944 NW2d 370 (2019).

Defendant also asserts that defense counsel was insufficiently prepared for the resentencing, having been newly appointed and unfamiliar with defendant and the background of the case. As a result, defendant contends defense counsel should have been better prepared and argued more forcefully for his sentence to be reduced.

---

[4] Defense counsel did not expressly state on the record that he had reviewed the updated PSIR with defendant. With his motion to remand, defendant averred in an affidavit that his counsel failed to review the PSIR with him or advise him of how to conduct himself at the resentencing.

However, defense counsel noted that the minimum sentencing guidelines range was reduced and argued that the court should consider an appropriate reduction in the sentence imposed. When the trial court indicated that it previously sentenced defendant at the "bottom" of the minimum sentencing guideline range, defense counsel corrected the assertion. Although defendant contends that his counsel was ineffective for failing to review the appellate opinion or the trial testimony, the record does not reflect that representation. Indeed, at the preliminary scheduling hearing that preceded resentencing, defense counsel indicated that he had not yet received a copy of the appellate opinion. The trial court advised that it would ensure that counsel received the opinion.

Furthermore, at resentencing, defense counsel did not state that he failed to review the trial testimony. Rather, he only disclosed that he had not "heard" the live testimony. Indeed, defense counsel at resentencing did not represent defendant at trial. Nonetheless, at resentencing, defense counsel confirmed receipt and review of the updated PSIR and engaged in a sidebar discussion with the prosecutor and trial court regarding the revised guidelines range. He also concurred with the prosecutor's specific recitation of considerations involving the assignment of points for OVs at the original sentencing and changes required at resentencing, and indicated sufficient familiarity with the matters relevant to resentencing. In light of the foregoing, defendant was not denied effective assistance of counsel at resentencing.

## III. CRUEL AND UNUSUAL PUNISHMENT

Defendant contends the 45 to 65 year sentence imposed at his resentencing hearing is unreasonable and disproportionate and constitutes an abuse of discretion that violates the guarantee against cruel or unusual punishment provided by the United States and Michigan Constitutions. We disagree.

### A. PRESERVATION AND STANDARD OF REVIEW

Because defendant failed to raise the issue of whether his sentence was an abuse of discretion, disproportionate or constituted cruel or unusual punishment at resentencing or in a proper motion, it is unpreserved. *People v Anderson*, 322 Mich App 622, 634; 912 NW2d 607 (2018); *People v Bowling*, 299 Mich App 552, 557; 830 NW2d 800 (2013).

We review the reasonableness of a sentence under the abuse of discretion standard of review. *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes. *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). A claim that a sentence violates the Eighth Amendment's prohibition against cruel or unusual punishment presents a question of constitutional law. Unpreserved questions of constitutional law are reviewed for plain error affecting defendant's substantial rights. *People v Bosca*, 310 Mich App 1, 47; 871 NW2d 307 (2015). The plain error standard of review requires the defendant to show that "1) error . . . occurred, 2) the error was plain, i.e., clear or obvious, and 3) the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

### B. ANALYSIS

A minimum sentence shall be affirmed, absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence, if it is within the appropriate

guidelines sentence range. MCL 769.34(10). The legislative sentencing guidelines are advisory, and the appropriate inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the principle of proportionality. *Steanhouse*, 500 Mich at 459. The proportionality standard requires sentences to be "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), overruled by statute as recognized in *People v Armisted*, 295 Mich App 32, 51; 811 NW2d 47 (2011), adopted in *Steanhouse*, 500 Mich at 471-475. Furthermore, a "sentence within the guidelines range is presumptively proportionate," and "[a] defendant can only overcome the presumption by presenting unusual circumstances that would render a presumptively proportionate sentence disproportionate," such as a sentence that constitutes cruel and unusual punishment. *People v Posey*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket Nos. 345491; 351834); slip op at 7-8.

The Eighth Amendment to the United States Constitutions prohibits the imposition of cruel and unusual punishments. US Const, Am VIII. The Michigan Constitution prohibits the imposition of cruel or unusual punishments. Const 1963, art 1, §. "In deciding if punishment is cruel or unusual, this Court looks to the gravity of the offense and the harshness of the penalty." *People v Brown*, 294 Mich App 377, 390; 811 NW2d 531 (2011).[5]

We reject defendant's contention that his sentence for second-degree murder was disproportionate. The trial court confirmed with both attorneys that defendant's sentence was within the recalculated guidelines. Therefore, defendant's sentence is presumptively proportionate. This presumption is only overcome if defendant can show that the sentence would nonetheless violate the principle of proportionality, but defendant cannot do so. He has identified no unusual circumstances or facts that suggest the sentence is disproportionate. *Posey*, ___ Mich App at ___, slip op at 7-8. Rather, defendant's sentence is "proportionate to the seriousness of the circumstances surrounding the offense and the offender," *Milbourn*, 435 Mich 636, in light of the serious violent crime of second-degree murder and defendant's lengthy criminal history. For these reasons, defendant's sentence is not demonstrably disproportionate.

For similar reasons, defendant's sentence does not constitute an abuse of discretion; that is, it does not fall outside the range of principled outcomes. *People v March*, 499 Mich 389, 397; 886 NW2d 396 (2016). As noted, a sentence constitutes an abuse of discretion if it is found to violate the principle of proportionality. *People v Rice (On Remand)*, 235 Mich App 429, 445; 597 NW2d 843 (1999). Because defendant's sentence is presumptively proportionate, and he has not established or identified any unusual circumstances that would make the sentence disproportionate, *People v Piotrowski*, 211 Mich App 527, 532; 536 NW2d 293 (1995), the trial court did not abuse its discretion.[6] Although defendant also asserts

---

[5] We have recently explained "that grossly disproportionate sentences may constitute cruel and unusual punishment. However, there is a distinction between 'proportionality' as it relates to the constitutional protection against cruel and unusual punishment, and 'proportionality' as it relates to reasonableness review of a sentence, which is not constitutional in nature." *Posey*, ___ Mich App at ___; slip op at 9.

[6] Defendant's reliance on *Solem v Helm*, 463 US 277, 303; 103 S Ct 3001; 77 L Ed 2d 637 (1983) to support his claim of an unreasonable sentence is misplaced. In *Solem*, the United States Supreme Court affirmed the reversal of the defendant's life sentence that had been imposed for issuing a $100 check as a

that his age demonstrates that the sentence constitutes an abuse of discretion, the trial court was not required to take it into consideration. *Id*. at 532-533.

Defendant also contends that it would have been more proportionate and reasonable to sentence defendant in accordance with the 25-year statutory minimum pertaining to enhanced sentences for multiple felonies, MCL 769.12(1)(a), because when it is combined with the five-year consecutive firearm sentence, he would be serving at least 30 years in prison. However, we determine reasonableness against the principles of proportionality detailed in *Milbourn* by considering that the guidelines themselves incorporate proportionality principles and define the presumptively reasonable sentence range. *People v Babcock*, 469 Mich 247, 263-264; 666 NW2d 231 (2003). "[W]here a defendant receives consecutive sentences and neither sentence exceeds the maximum punishment allowed, the aggregate of the sentences will not be disproportionate" under *Milbourn*. *People v Miles*, 454 Mich 90, 95; 559 NW2d 299 (1997). Thus, when each sentence examined separately is proportionate, the cumulative effect of consecutive sentences does not impact the proportionality of the sentences imposed. *Id*. This claim of error does not entitle defendant to appellate relief.

Finally, defendant's sentence does not constitute cruel or unusual punishment under the United States and Michigan Constitutions. "[A] proportionate sentence is not cruel or unusual punishment." *Posey*, __ Mich App at ___; slip op at 9. As determined above, defendant's sentence is proportionate. Therefore, it cannot constitute cruel or unusual punishment. This is particularly true in light of the fact that defendant's sentence was below the middle of the applicable guidelines range. Accordingly, defendant's sentence is not disproportionate or unreasonable and did not constitute an abuse of discretion. The sentence also is not cruel and unusual punishment.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto
/s/ Anica Letica

---

habitual felony offender with six prior felony convictions. *Id*. Unlike the defendant in *Solem*, defendant in this case committed the serious crime of second-degree murder while carrying a lengthy criminal record that included assaultive and drug offenses, not a financial crime.